EDWIN THRELKELD et al., Appellants, v. T. E. THRELKELD et al.

**Division Two, December 19, 1911.**

1. **WILL: Construction: Intention.** The testator's intention as expressed in the will, taking into consideration and giving effect to the language of the entire instrument, must be regarded as the true intent. When thus ascertained, such intent must be followed, unless it violates some rule of law.

2. ———: **To Wife: One-third or Child's Part: Life Estate or Fee.** The first clause of the will read: "I give, devise and bequeath to my wife, Tabitha E. Threlkeld, one-third of all my estate, or a child's part, as she chooses, and at her death the remainder of her estate to be divided equally among my children." The widow had no property in her own right. She elected to take one-third under the will. The testator left 486 acres of land, worth $27,000. *Held*, that the testator intended that his wife should have one-third of his property, if she elected to take it, with the right in her to consume so much of it as she might deem necessary for her support, and that whatever remained thereof at her death should go to his children. The words of limitation are unambiguous and unequivocal. She did not take an absolute estate in fee in the one-third, but only a life estate, and at her death what remained of said third went to his children, not to hers only.

3. ———: ———: ———: ———: **What Remains of "Her" Estate.** The word "her" before the word "estate" in the phrase, "and at her death the remainder of her estate to be equally divided among my children," in said first clause of the will, referred to the estate given to her by the will. She had no estate of her own, and the only property in the mind of the testator was that which was the subject of the will. The testator was not by the words "her estate" attempting to dispose of his wife's estate after her death. He simply meant that she was to have a life estate in one-third of his estate to use or consume for her support, and at her death what remained of that third was to go to his children.

4. ———: ———: ———: ———: **Limitation Over.** Where the will gave to testator's wife "one-third of all my estate, or a child's part, as she chooses, and at her death the remainder of her estate to be divided equally among my children," even if the first phrase, standing alone, gave her an absolute estate in

fee, the subsequent phrase, "and at her death the remainder of her estate to be divided equally among my children," was clear and unambiguous, and did cut down the absolute estate created by the preceding phrase, standing alone, to a life estate. It is not necessary that express words be used to cut down into a life estate a devise which, if it stood alone, would create an estate in fee simple. But here the words which create the life estate are as affirmatively strong as, and are found in the same clause with, the words which, if they stood alone, create an estate in fee. The rule as to limitations over and the creation of estates by implication is that if a fee simple estate is devised in the first instance, it cannot be cut down to a less estate by the use of subsequent ambiguous words inferential in their intent; but here there is no room for the application of that rule, since the words limiting the estate devised are not ambiguous or inferential in intent.

5. ———: ———: ———: ———: ———: **Power of Disposition.** The power of disposition, given the first taker by the will, is not inconsistent with a life estate. A limitation over is good although the first taker has the power to dispose of, and to consume the estate given, for her own use and support; and where the power of disposition is not exercised, whatever is left of the portion given the life tenant upon her death goes to the remaindermen.

6. ———: **Partition: Life Estate: Power to Dispose of Whole.** Where the will gave to the wife a life estate in one-third of testator's property, with power in her to consume so much of the corpus as she might deem necessary, at a partition of the lands during her life the order directing one-third of the proceeds, upon a sale of the land, to be turned over to her, should provide that she is to hold the same for her own use during her life, with power to consume so much of the principal as she may need for her support, and whatever remains thereof to be then divided among those made remaindermen by the will.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby,* Judge.

REVERSED AND REMANDED (*with directions*).

*J. M. Crutcher, W. W. Barnes* and *Whitecotton & Wight* for appellants.

In the language of this court, in the case of Cox v. Jones, 229 Mo. l. c. 62, the rules laid down for the

construction of the will in that case as far as applicable to this may be summarized as follows: (a) The best interpreter of a will is the will itself. The language of wills is rarely the same, hence each will stands largely on its own terms, and cases construing wills are rarely of universal application. (c) That interpretation is to be made that will cause the thing to stand rather than fall; for it is a maxim of the law that it is to the interest of the State that the last will of its citizens be sustained. (d) The intention of the testator is the soul of the will. R. S. 1899, sec. 4650. That statute is but declarative of a settled and venerable rule of judicial construction; that this intent, when gathered from the four corners of the instrument (if not violative of some established rule of law) must be given full and ungrudging effect—mere technical rules of construction to the contrary notwithstanding. (e) In seeking the soul of the will, to-wit, the intent and meaning of the testator, the court will read the will from the standpoint of the testator as near as may be, considering the relations of the testator to the beneficiaries named and the circumstances surrounding him when it was made, mindful that the sense of the testator's words is to be taken from the occasion of speaking them, that a will is completed by death and speaks from that time; and that words used are to be understood as having the meaning and sense indicated by the whole instrument. Every clause of the will must be given effect, if that be possible, and to this end, if need be (and only then) words may be supplied or omittted, and sentences transposed. Applying the foregoing rules under all the facts and circumstances in construing the first clause of Nathaniel M. Threlkeld's will, we insist that the findings and judgment of the trial court are erroneous.

*Frank W. McAllister* for respondents.

(1) Under Sec. 4646, R. S. 1899 (the statute in

force when the will was made, and also when it was probated), it is well settled that the words, ''heirs and assigns,'' or words of similar import, are not necessary to a devise in fee simple. Roth v. Rauschenbusch, 173 Mo. 588; Cox v. Jones, 229 Mo. 64. (2) The words ''I give, devise and bequeath to my wife Tobitha E. Threlkeld one-third of all my estate'' (unless qualified or restricted) are ample and sufficient to create and pass to Mrs. Threlkeld an absolute estate in fee. If the words stood alone there could be no question but that they vested in Mrs. Threlkeld an absolute estate in fee in one-third of testator's property, including the real estate in suit. The words which follow, ''and at her death the remainder of her estate to be equally divided among my children,'' do operate as a limitation upon the previous absolute devise. They do not cut it down to a mere life estate. McMillan v. Farrow, 141 Mo. 55. (3) The rule seems to be well settled in this State that an estate in fee once given can not be impaired, cut down or qualified by implication but only by words as affirmatively strong as those which created the estate. Gannon v. Pauk, 200 Mo. 94; Roth v. Rauschenbusch, 173 Mo. 592; Yocum v. Siler, 160 Mo. 289. (4) The words giving the absolute estate to Mrs. Threlkeld are clear and unequivocal. Nothing could have been added to make them stronger or more positive unless the testator had added ''and to her heirs and assigns forever,'' and under section 4646, R. S. 1899, the addition of those words was unnecessary, and therefore they could have added nothing to the force of the words used. In the following clause there are no words expressly limiting the estate to life. It is proposed to put a construction upon those words, which, by implication, would limit the previous absolute grant. This effort is manifestly in conflict with the rule cited and must fail. Another venerable and well-settled rule of construction is that a devise generally or indefinitely without specifically limiting the

interest given followed by the power of disposition either express or implied gives the devisee the fee. Armor v. Frey, 226 Mo. 670; Underwood v. Cave, 176 Mo. 1; Gregory v. Cowgill, 19 Mo. 415; Wead v. Grey, 78 Mo. 59; Moran v. Moran, 5 L. R. A. (N. S.) 325, and note.

FERRISS, J.—Nathaniel M. Threlkeld died August 19, 1907, leaving the following will:

"Know all men by these presents, that I, Nathaniel M. Threlkeld, of the county of Monroe, State of Missouri, being of sound and disposing mind and memory, do make, publish and declare the following to be my last will and testament, hereby revoking all other wills heretofore made by me.

"First: I give, devise and bequeath to my wife, Tobitha E. Threlkeld, one-third of all my estate, or a child's part, as she chooses, and at her death the remainder of her estate to be divided equally among my children.

"Second: I give, devise and bequeath to Emma Magruder, Jennie Morgan, Cattie Hale and Mamie Sanders, my daughters, two hundred and fifty and no—100 dollars each.

"Third: I give, devise and bequeath the remainder of my estate, personal and real, to Emma Magruder, Jennie Morgan, Cattie Hale and Mamie Sanders, my daughters, Alonzo Threlkeld, Edwin Threlkeld, Frank Threlkeld and Will Cap Threlkeld, my sons, and take from Edwin's share twenty-five and no/100 dollars, with seven per cent interest on same from January 1st, 1901, and to be paid to Frank and Will Cap Threlkeld.

"Fourth: I hereby constitute and appoint J. Norton Magruder, now of the city of Paris, Mo., executor of this, my last will and testament, without bond.

Threlkeld v. Threlkeld.

"In Witness Whereof, I have hereunto subscribed my name this 23rd day of August, 1904.

"N. M. THRELKELD."

Besides his widow, the testator left eight children, all of age, and with all of whom his relations, so far as appears, were harmonious. He left an estate of 486 acres of farm land, worth about $27,000, and personalty to the value of $3000. He was seventy-five years old, and his widow was aged sixty-five. She had no property in her own right. The widow elected to take one-third under the will. In October, 1907, two of the children, as plaintiffs, filed this suit to partition the land aforesaid, making the widow and the other children defendants.

The only controversy in the case is over the construction of the first clause in the will; plaintiffs claiming that it gives the widow a life estate only, while the widow claims a fee in one-third of the estate. Aside from this question, all parties appear to be satisfied with the partition proceedings.

The court below construed the will to give an estate in fee to the wife in one-third of the estate. The property not being susceptible of division in kind, was sold by the sheriff. The final order directed him to pay one-third of the proceeds to the widow. Plaintiffs appeal.

Appellants have not deemed it to be their duty to furnish us with a brief of the decisions which bear on the question presented here. Counsel have deemed it proper to impose on us the entire burden of examining the vast number of decisions in this State and elsewhere bearing on the vexed question of will construction, in order to find what there is in the way of rule and precedent to assist us in reaching a just conclusion. Indeed, counsel on both sides did not find it necessary in the oral argument to do more than barely submit the controversy.

Few questions have produced greater wealth of learning than have those arising upon the construction of wills. The particular questions presented in this case have been before this court in numerous cases, resulting in decisions which, owing to the variety in the facts, are not easily reconciled. They afford abundant material for argument and illustration.

Our statute has crystallized the cardinal rules of construction to be applied to wills in the terse language of section 583, Revised Statutes 1909, which provides: "All courts and others concerned in the execution of last wills shall have due regard to the directions of the will, and the true intent and meaning of the testator, in all matters brought before them."

In arriving at the intention of the testator, a further rule of construction has been formulated and often approved by this court, namely: The intent as expressed in the will, taking into consideration, and giving effect to, the language of the entire instrument, must be regarded as the true intent. When thus ascertained, such intent must be followed unless it violates some rule of law. Applying the foregoing rules to the will in question, it cannot be doubted that the testator intended that his wife should have one-third of his property, if she elected to take it, with the right in her to consume so much of it as she might deem necessary for her support, and that whatever remained at her death should go to his children. The language used is clear and unambiguous. The words giving to the children what should remain at her death are as clear and unequivocal as those which give the property to the wife in the first instance. The words which give the property to the wife, if nothing followed, would be sufficient under the statute to give her an absolute estate in fee. If the testator had intended that his wife should have an estate in fee, he certainly would have stopped with the gift to her, and would not

238 Sup.—30

in reason have attempted to provide for the children out of the same property given absolutely to her.

Respondents assert, however, the following propositions:

First. That the testator is attempting to dispose of his wife's estate after her death, and that this is indicated by the use of the word "her" in the phrase, "and at her death the remainder of *her* estate to be equally divided among my children." We think it clear that the estate here referred to by the testator was the estate given to the wife by the will. She had no estate of her own, and it is evident that the only property in the mind of the testator was that which was the subject of the will.

Second. It is claimed that the will, in the phrase "I give, devise and bequeath to my wife, Tobitha E. Threlkeld, one-third of all of my estate, or a child's part, as she chooses," gives to the wife an estate in fee in one-third, upon her election (which she subsequently made) to accept it, and that the subsequent words of limitation over must be disregarded, and this for two reasons: (a) because, as counsel state it in the brief, "an estate in fee once given cannot be impaired, cut down or qualified by implication, but only by words as affirmatively strong as those that created the estate." If it is intended to be asserted that express words are necessary to cut down into a life estate a bequest which would, if it stood alone, create an estate in fee, the authorities are against the proposition. Respondents cite in support of their contention Gannon v. Pauk, 200 Mo. 94. Here is what we say in that case: "It is settled law that if a fee simple estate be devised in the first instance, it cannot be cut down to a less estate by the use of *ambiguous* words, inferential in their intent, following." Respondents also refer to Yocum v. Siler, 160 Mo. l. c. 289, where we say: "When the words of the will in

the first instance clearly indicate a disposition in the testator to give the entire interest, use and benefit of the estate absolutely to the donee, it will not be cut down to any less estate by subsequent or *ambiguous words inferential in their intent."*

In the Yocum case the devise was to the donee "absolutely." The will was construed as if there had been no limitation over, because the contingency upon which the limitation expressed was to take effect never happened.

Respondents further cite Roth v. Rauschenbusch, 173 Mo. l. c. 592. In that case the proposition is formulated thus: "If on the contrary, the testator devises the fee simple or generally to the first taker with an *absolute* power of disposal in him, and there is neither by express words *nor implication* a mere life estate created in the first taker, all subsequent grants in the will must fail, because repugnant to the first grant and because it conflicts with a settled rule of law."

From the foregoing citations it will be perceived that the proposition as stated by respondents is not the law. A careful reading of the above cases will show that the court did not say that a life estate cannot be created by implication. On the contrary, the court conceded in the cast last cited, and has repeatedly ruled since, that a life estate may be created by implication where, in language not ambiguous, the testator has manifested an intent to create such estate, even if it results in cutting down the absolute estate which would be created if the words first used stood alone; and such rulings are in recognition of section 579, Revised Statutes 1909, which provides:

"In all devises of lands or other estate in this State, in which the words 'heirs and assigns,' or 'heirs and assigns forever,' are omitted, and no expressions are contained in such will whereby it shall appear that such devise was intended to convey an estate for life

only, *and no further devise be made of the devised premises, to take effect after the death of the devisee, to whom the same shall be given,* it shall be understood to be the intention of the testator thereby to devise an absolute estate in the same, and shall convey an estate in fee simple to the devisee, for all such devised premises.''

We have italicised the portion of the statute bearing directly on the point. This position is clearly enunciated in Cross v. Hoch, 149 Mo. 325, where this court holds that the intention to create a life estate may be expressed in any appropriate equivalent words. In the cast last cited we construe section 579, supra, to mean that an absolute estate may be limited to a life estate by necessary implication from the terms of the grant. The will involved in that case contained the following: ''To my daughter Sarah Cross and her heirs I give the west half of the northwest quarter of section twenty-five, and also my negro girl Amanda, provided that the property here devised to Sarah Cross be subject to the trust, care and control of my son Turner Maddox for her use, and should the said Sarah Cross die without children, then said property shall be divided among my other daughters.'' In the opinion, this court, after reviewing the facts and the law, concluded thus: ''The testator therefore must be held to have carved out a life estate for his wife in express terms, and a life estate for his daughter, Sarah Cross, by *necessary implication* from the terms of the grant, and one is as effectual under the statute and the decisions referred to as the other.''

The foregoing case is cited and approved in Yocum v. Siler, supra, l. c. 308, and in Dozier v. Dozier, 183 Mo. l. c. 146, where we say: ''The intention to create a life estate is, of course, best expressed by direct words to that effect, but that intention may be manifested by words which lead to that conclusion, but which nowhere use the term 'life estate.' '' So

late as Armor v. Frey, 226 Mo. l. c. 679, we approve the above cited cases.

The limitation over is in the same sentence, and is in language as clear and unambiguous as that which gives the property to the wife.

(b)   But it is urged that the will gives to the wife the absolute and unrestricted power of disposition; that the power of absolute disposition involves absolute ownership, and that therefore the subsequent words are but an attempt to dispose of the wife's property by the will of her husband. In short, it is contended that the power of disposition which the will inferentially gives to the wife is inconsistent with a life estate in her.

This proposition has been before this court several times, and the holding is that the power of disposition is not inconsistent with a life estate, and that a limitation over is good although the first taker has the power of disposition.

In Harbison v. James, 90 Mo. 411, where the will gave the wife the estate generally, and in the same paragraph provided that any portion remaining undisposed of should go to three daughters, this court, after a full discussion of the law, said: "The power of sale or disposal, superadded to a life estate, if not exercised, does not enlarge the life estate into a fee, and in such case the remainder over is valid, and at the death of the life tenant takes effect in the remainderman."

Schorr v. Carter, 120 Mo. 409, is directly in point. In that case the will provided: "I give and bequeath to my beloved wife, Regina Schorr (maiden name Regina Schlienger), all my right, title, claim and interest in three certain tracts or parcels of land (which are thereupon specifically described, and include the premises in dispute), . . . four shares of the Domicile Saving and Loan Association, numbers 1813, 1814, 1815 and 1816, dated January 15, 1858; and all

mixed property whatever I may be possessed of at the time of my death; and after my death, all real, personal and mixed property of whatever she, the said Regina Schorr, may be possessed of at the time, shall be equally divided between my next relations or heirs; that is to say, after the payment of all just debts and funeral expenses.'' We held that the will in that case gave a life estate to the wife. The will was in substantially the same phraseology as the one under consideration.

In Walton v. Drumtra, 152 Mo. 489, the conveyance was, in effect, to the wife generally by way of trust, with power of disposition, and with no express words limiting to a life estate. A subsequent clause in the deed read thus: ''Provided always that if said Barbara Ann Yore shall die leaving said property undisposed of either by deed of conveyance or by last will and testament, then the trust herein created shall cease, determine and be at an end, and the said property shall vest in and revert absolutely to Patrick Yore and his heirs and assigns forever.'' It was claimed that said instrument gave an equitable fee simple estate. On this point we said: ''In arriving at the intention of the grantor, Michael Kelly, all of the provisions of the deed must be considered together, and when this is done it seems plain that Mrs. Barbara Ann Yore, Patrick Yore's wife, was to have the use and enjoyment of the property therein described during her life, with power in the trustee, John E. Yore, by the written direction of said Barbara Ann, to use and manage said property for her use and benefit, or to sell and convey the same by fee simple deed, or mortgage the property as she might direct for her benefit, her wishes and directions to be manifested by her joining in such deed or mortgage, or to dispose of the property by will if she was so inclined, but in the event of her failure to dispose of the property as indicated it was to revert to her husband, Patrick Yore.'' It

was ruled that upon the death of Mrs. Yore the property undisposed of went to Patrick Yore.

In Roth v. Rauschenbusch, supra, the court construed the will as giving the wife an absolute estate, but reaffirmed the doctrine of Walton v. Drumtra in the following language, l. c. 591: "The life estate need not be created by *express* words, but if it is the clear intention from the whole instrument that the first taker is to have but a life estate, the added power of disposition will not convert it into absolute ownership."

The cases cited by respondents are in harmony with the principles laid down in the foregoing cases. We know of no rule of law that will be violated in carrying out the obvious intent and plain direction of this will. Doubtless the testator desired to provide for his wife. Doubtless also he desired that whatever she should not need for her support should go to his children. The whole matter is covered by a single sentence, and nothing short of the entire sentence fully expresses the thought of the testator as to either the wife or children. There is a substantial difference between the bequest in the will and the dower rights of the wife under the statute. Whether this be great or little, it is what he desired, and what she accepted. So far as her needs go in the matter of support, the wife has the right to provide for them even if it consume the entire one-third; beyond such needs, what is left belongs at her death to the children.

The judgment is reversed and the cause remanded, with directions to amend and re-enter the interlocutory judgment and the order of distribution in accordance with the views herein expressed. The order directing the sheriff to pay over to the wife one-third of the proceeds should provide that she is to hold the same for her own use during her life, with power to consume so much of the principal as she may need for her support, and whatever remains at her death to

be divided equally among the children of Nathaniel M. Threlkeld. *Kennish, P. J.,* and *Brown, J.,* concur.