FRANCES HODGE ENGLISH and VIVIAN WHITE SCOTT, Appellants, v. CLARA A. RAGSDALE, Executrix of the last Will and Testament of SUE B. PHILLIPS, and E. S. HAYNES, A. C. RAGSDALE, M. M. JONES, Trustees of the First Christian Church of Columbia, Missouri.—147 S. W. (2d) 653.

Division One, February 14, 1941.

432

*John M. Dalton* for appellants.

*Harris, Price & Alexander* for respondents.

GANTT, J.—Action to construe the will of Joseph J. Phillips, who died May 18, 1926, naming his widow, Sue B. Phillips, executrix of the will. The court sustained a demurrer to the petition. On refusal of plaintiffs to further plead, judgment was entered for defendants and plaintiffs appealed.

We have appellate jurisdiction, for the title to real estate is involved and the property in litigation is of the value of more than $7500. The material facts, as disclosed by the petition, follow:

The widow, Sue B. Phillips, after the payment of testator's debts, the erection of a monument on his lot in the cemetery, and the final settlement of the estate, retained possession of all of the property left by her husband, claiming ownership of the same under his will. She continued in control of the property and the property into which she had converted the same until her death and April 21, 1938. At that time she had only said property, which she willed to the trustees of the First Christian Church, Columbia, Mo., naming Clara A. Ragsdale, executrix.

The church claims the property under the will of Sue B. Phillips. Plaintiffs, Frances Hodge English, niece of Sue B. Phillips, and Vivian White Scott, niece of Joseph J. Phillips, claim the property under the will of Joseph J. Phillips, upon the death of Sue B. Phillips. The mandatory sections of the statute on the construction of wills follow:

"In all devises of lands or other estate in this state, in which the words 'heirs and assigns,' or 'heirs and assigns forever,' are omitted, *and no expressions are contained in such will whereby it shall appear that such devise was intended to convey an estate for life only,* and no further devise be made of the devised premises, to take effect after the death of the devisee to whom the same shall be given, it shall be understood to be the intention of the testator thereby to devise an absolute estate in the same, and shall convey an estate in fee simple to the devisee, for all such devised premises." [Sec. 563, R. S. 1929. Italics ours.]

"All courts and others concerned in the execution of last wills shall have due regard to the directions of the will, and the true intent and meaning of the testator, in all matters brought before them." [Sec. 567, R. S. 1929.]

In this connection we direct attention to rules of construction as follows:

"It is hardly necessary to mention, and absolutely unnecessary to cite, authorities to the effect that in construing a will the single aim and object is to arrive at the intent of the testator. In the search for that intention, the will should be viewed from its four corners, and all of its terms and provisions should be given a fair and reasonable interpretation. The first and last inquiry should be, what was the intention of the testator? . . .

"The mere fact that testator used the words 'my wish' and 'my idea and wish' in reference to the disposition of the property after his wife's death, does not necessarily mean that he was not expressing his will and intention in that regard, as distinguished from a mere wish or desire. That question depends entirely upon the

sense in which he used the words, and that must be determined from a consideration of the will as a whole, and not from the abstract definition of such words, divorced from other provisions of the will. . . .

"A life estate need not be created by express words. It may be created by implication. This court has held 'that a life estate may be created by implication, where, in language not ambiguous, the testator has manifested an intent to create such estate, even if it results in cutting down the absolute estate which would be created if the words first used stood alone.' [Threlkeld v. Threlkeld, 238 Mo. 459, 467, 141 S. W. 1121, 1123.] An absolute title given by one provision of a will may be cut down by other provisions of the will if it clearly appears that it was the intention of the testator to create a life estate only in the first taker, and in determining that question the clause giving an absolute title, if it stood alone, and other provisions of the will which cut that title down should be construed together. . . ." [Blumer v. Gillespie et al., 338 Mo. 1113, 93 S. W. (2d) 939, l. c. 940, 941.]

"The modern rule, which prevails in this State, is much simpler, and much more calculated to carry out the wishes of the grantor. The intention of the grantor, as gathered from the four corners of the instrument, is now the polestar of construction. That intention may be expressed anywhere in the instrument, and in any words, the simpler and plainer the better, that will impart it; and the court will enforce it no matter in what part of the instrument it is found." [Keller v. Keller, 338 Mo. 731, 92 S. W. (2d) 157, l. c. 160.] "If a testator uses a given word in one part of his will with a certain meaning, it will be presumed that in using the same word in another part he intended it to have the same significance." [Snow v. Ferril, 320 Mo. 543, 8 S. W. (2d) 1008, l. c. 1013.]

The clauses of the will under consideration follow:

"Third. I give and devise and bequeath to my beloved wife, Sue B. Phillips, all of my property, real, personal, and mixed, it being my desire that she take same as her absolute property.

"Fourth. It is my desire that my said wife, prior to her death shall provide for the disposal of all the property she may possess at the time of her death equally between our nieces, Vivian White and Frances Hodge.

"Fifth. In the event of the death of my wife and myself at the same time, it is my desire and I hereby direct that all the property above mentioned be converted into cash as soon as possible in the judgment of the parties who sign their names as witnesses to this will, may deem practical and that same be divided equally between the two nieces named above."

Defendants contend that clause four was the expression only of a "mere wish" of the testator. We do not think so. The words "the

property" in said clause refer to the property mentioned in clause three. The words "she may possess," as used in clause four, clearly show that the testator did not intend to give the widow absolute title to the property by clause three. If he had so intended he would have used the word "own" in clause four intead of the word "possess."

Furthermore, consideration should be given to the meaning of the word "desire" as used in the will. There is nothing in the will to indicate that the testator intended said word to have different meanings in the different clauses of the will. If, as contended by defendants, the word "desire" in clause four only means a "mere wish," it follows that said word in the other clauses of the will also only means "a mere wish." To so rule would be construing the will as meaningless.

Furthermore, it would not be contended, if testator and his wife died at the same time, that the plaintiffs would not take the property under clause five. If so, the word "desire" in said clause expresses the intention and will of the testator. In that clause, after willing the property to plaintiffs, he directed the witnesses to the will to reduce the property to cash and divide the same between the plaintiffs.

The word "desire" also was used in clause three as expressing the intention and will of the testator. If so used in clauses three and five, it must be ruled that he so used said word in clause four. If the word "desire" was so used in clause four, the testator provided therein as follows:

Fourth. It is my will and direction that my said wife, prior to her death, shall provide for the disposal of all the property she may possess at the time of her death, to our nieces Vivian White and Frances Hodge, share and share alike.

The word "absolute," as used in clause three must be ruled to mean that the testator intended, by said clause, that the widow should have absolute title to the property only to use the same during her lifetime, with authority to dispose of the property and reinvest the proceeds, and with further authority to encroach upon the principal in her discretion.

Defendants direct attention to Roth v. Rauschenbusch, 173 Mo. 582, 73 S. W. 664; Middleton v. Dudding, 183 S. W. 443; Lemp v. Lemp, 264 Mo. 533, 175 S. W. 618; State ex rel. Gordon v. McVeigh, 181 Mo. App. 566, 164 S. W. 673. Those cases may be distinguished on the facts.

It follows that by the will of the testator the widow had a life estate in the property, as above set forth, and, under clause four of the will, the widow held the balance of said property at the time of her death in trust for the plaintiffs. Plaintiffs are entitled to have said property from the estate of Joseph J. Phillips or derived therefrom, and the proceeds thereof, now in the possession of defendant Clara A. Ragsdale and in the possession of the trustees of the First Christian

Church of Columbia, Missouri, impressed with a trust for their use and benefit and to have the personal property paid over to them and title to real estate vested in them, with an accounting for rents and profits.

The judgment is reversed and the cause remanded with directions to set aside the dismissal, reinstate the cause, overrule the demurrer to plaintiffs' petition and to proceed in accordance with this opinion. All concur.