PAUL CLIFFORD SHELTON ET AL. v. GILES C. SHELTON ET AL., Appellants.—155 S. W. (2d) 187.

Division One, October 30, 1941.

H. M. Atwell for appellants.

*Charles K. Hackler* for respondents.

██ DOUGLAS, J.—This is an action to quiet title to land in Cass County; and for partition. The determination of title requires the construction of the will of George W. Shelton under which all parties claim as the common source of title. The parties may be separated into two classes. One comprises the nieces and nephews of the testator and the other his brothers, appellants herein.

The disputed provision of the will is as follows:

"5th. All the remainder and residue of my estate i give and Bequeath in equal shares to my beloved sisters, Emma Elizabeth Shelton And Lou T. Griffing, share and share alike, and in the event of the death of either of my said sisters i give and bequeath to the survivor the unused portion remaining in possession of the one deceased, in the event of the death of both of my said sisters then i give and bequeath the remaining portion in equal parts to my nieces and nephews, share and share alike, in equal portions."

The sisters of the testator mentioned in this provision survived him. One died in 1926 and the other in 1939 leaving the land in question which had constituted part of the estate received by them from the testator.

The nieces and nephews contend that this provision created life estates in the testator's sisters and claim the land as remaindermen. Opposed to this contention appellants assert that the sisters received an estate in fee and claim respective interests in the land as heirs of the sisters.

██ The language of one will is rarely, if ever, like another and frequently a slight difference in the words used calls for different constructions of testamentary provisions similar in other respects. Even identical words properly receive diverse interpretations when used in contexts or under ██ circumstances which are not the same. Therefore, decisions construing similar testamentary provisions are of small value as precedents and must be considered with caution.

██ Bearing this in mind we believe that the effect of the clause under consideration in this case has been settled by our decisions construing similar provisions under similar circumstances. They hold

that a gift though not expressly for life but with a limitation over of any part of the estate remaining at the death of the immediate devisee creates a life estate. This is of course a rule of construction to be applied in carrying out the intention of the testator.

This rule conforms with our settled law that express words are not necessary for the creation of a life estate but such may be created by implication. Such an implication may be indulged where a testator in unambiguous language has manifested an intent to create such an estate even though it results in cutting down an absolute estate which would be created if the words first used stood alone. [Blumer v. Gillespie, 338 Mo. 1113, 93 S. W. (2d) 939.]

Accordingly we hold that it was the intent of the testator that the provision under consideration created life estates in the testator's two sisters with remainder over to his nieces and nephews. The case of Burnet v. Burnet, 244 Mo. 491, 148 S. W. 872, fully supports this position. There the will gave "the residue of my estate to my . . . sister, Sarah F. Burnet, and it is my desire that whatever of said residue may be left undisposed of at her death shall go to her descendants per stirpes." We held that the immediate devisee took but a life estate. In Payne v. Reece, 297 Mo. 54, 247 S. W. 1006, the will was in similar terms and we reached the same result. We also did in Harbison v. James, 90 Mo. 411, 2 S. W. 292; Munro v. Collins, 95 Mo. 33, 7 S. W. 461; Lewis v. Pitman, 101 Mo. 281, 14 S. W. 52; Schorr v. Carter, 120 Mo. 409, 25 S. W. 538; Threlkeld v. Threlkeld, 238 Mo. 459, 141 S. W. 1121, and Schneider v. Kloepple, 270 Mo. 389, 193 S. W. 834. For decisions from other states see 69 C. J. Wills, secs. 1621 and 1636 and the annotations in 75 A. L. R. at pp. 88 and 93.

In support of their claim that the will gave the sisters absolute estates rather than life estates, appellants rely on a rule of construction quoted from Underhill on Wills (1900), sec. 342, as follows: "Where there is an immediate gift in the will to A., and a disposition of the property to another 'in the case of his (A's) death,' or 'in the event of his death,' or with any similar expression referring to the death of A, not as an event which is certain to occur, but as a contingent event, no time being mentioned, the gift over will take effect only if A shall die during the lifetime of the testator." In view of our finding that life estates were created, this rule is irrelevant here. The limitation over occurs at the death of the survivor of the sisters. The testator has indicated that he contemplated the death of his sisters as an event certain to occur and after his own death. If this was not in the mind of the testator how can we account for his language "the unused portion remaining in possession of the one deceased" which refers necessarily to the testator's estate? How could any portion of his estate find its way into the possession of his sisters unless the testator had died first? Where there is an expres-

sion in a will which indicates that the testator referred to death subsequent in his own demise, it must be given effect. [Owens v. Men & Millions Movement, 296 Mo. 110, 246 S. W. 172.] The same rule was urged in a case involving a similar testamentary provision in Coleman v. Haworth, 320 Mo. 852, 8 S. W. (2d) 931. The will stated "in the event of the death of my wife . . . I request that all of my estate both personal and real, that may be left . . . be placed in trust for the further carrying out of this will." We held that the rule had no application to such a provision because the death of the wife was a certain event which the testator contemplated should occur after his death. Of further interest, we construed the will to give the wife a life estate with remainder over. [See also Ewart v. Dalby, 319 Mo. 108, 5 S. W. (2d) 428.]

Turning back to Underhill's text we find that the rule is applicable only where the second taker is to be substituted in the event of the death of the first taker so as to prevent a lapse and that it does not apply where a testator intended to give a life estate with a remainder at the death of the legatee. By its own authority, therefore, in addition to what we have said above, the rule has no bearing on this case.

The decree below correctly found for the nieces and nephews and that the testator's brothers, Giles H. Shelton and Frank R. Shelton, had no claim to the land.

It is affirmed. All concur.