OLLIE HOUSMAN and EDNA SMITH, Respondents, v. M. H. LEWELLEN, Administratrix of the Estate of MOLLIE A. TOLLE, Deceased, CARRIE A. WILKERSON, CLIFFORD G. KELLEY, HAROLD D. KELLEY, EVA MARIE ANDREWS, RUBY ROGERS, CLARK KELLEY, MATTIE KELLEY, and DOROTHY MAY ROBERTS, Appellants, No. 42750—244 S. W. (2d) 21.

Court en Banc, December 10, 1951.

*John J. Robison* and *Harold L. Miller* for appellants.

*Raymond O. Sears* and *J. W. Roberts* for respondents.

DALTON, J.—Action to construe the will of Robert E. Tolle, deceased, and to recover certain personal property. The trial court found the issues for plaintiffs and entered judgment. On defendants' appeal, the Kansas City Court of Appeals affirmed the judgment. Housman v. Lewellen (Mo. App.), 240 S. W. (2d) 143. On appellants' application, the cause was ordered transferred here and we must review the record as on original appeal. Sec. 10, Art. V, Const. of Mo., 1945.

The facts are stipulated. Robert E. Tolle died testate in Andrew County on May 9, 1936 and left his widow, Mollie A. Tolle, and his two sisters, Ollie Housman and Edna Smith, the plaintiffs-respondents, as his only heirs. His will was duly proven and admitted to probate in said county. Three paragraphs of the will are material here, towit:

"Second, I give, devise, and bequeath to my beloved wife, Mollie A. Tolle, all my property of every kind and description, wherever located to be her absolute property.

"Third, I hereby constitute my beloved wife, Mollie A. Tolle, Executrix of this my last will and Testament and direct that she shall not be required to give any bond or file any inventory; neither shall she be required to make any settlement in the Probate Court or elsewhere.

"Fourth, I request and direct that my beloved wife shall by will, or otherwise, divide any remainder that may be left of my estate at her death, one-half to her relatives and the other one-half to my brothers and sisters, or their descendants."

The deceased was a farmer and died seized and possessed of personal property of the value of $14,500. The title to his residence property in Rosendale and the title to 220 acres of real estate, acquired in his lifetime, had been taken in the name of himself and wife as tenants by the entirety. This property constituted no part of his estate after his death.

Mollie A. Tolle, his widow, was appointed executrix under his will and she conducted the settlement of his estate. After the payment of all debts and the costs of administration, the widow, as legatee, received and receipted for the remaining personal property in the estate in the sum of $13,525.00. She commingled this property with her individual personal property. Thereafter, she accumulated additional personal property and died intestate in Andrew County on March 22, 1949, owning money and personal property in excess of $26,000.00, including the sum of $13,525.00 received from her husband's estate. Her surviving heirs, together with M. H. Lewellen, the duly appointed, qualified and acting administrator of her estate, are the defendants-appellants in this cause. The estate is in the process of administration in Andrew County and the administrator now has in his possession the personal property of said estate, including the sum of $13,525.00 received by Mollie A. Tolle from the estate of her said deceased husband.

It is further stipulated that the only issue involved in the construction of the will of Robert E. Tolle, deceased, is whether Mollie A. Tolle took an absolute title to the personal property passing under said will, or only a life estate therein. The trial court held that she "had only a life estate in the property of Robert E. Tolle remaining at her death," and M. H. Lewellen, Administrator of the Estate of

Mollie A. Tolle, was ordered to pay over to plaintiffs the sum of $6762.50, which was one-half of the property received by Mollie A. Tolle from her husband's estate.

 In construing wills we are aided by certain well established rules. "The keystone of construction in determining the meaning of any will is the intent of the testator. This intent must be gathered from the whole will. * * * When the intent of the testator is found, the proper construction of the will is solved." McMillan v. Barnard Free Skin and Cancer Hospital, 304 Mo. 635, 264 S. W. 410, 413; Lewis v. Lewis, 345 Mo. 816, 136 S. W. (2d) 66, 69; St. Louis Union Trust Co. v. Kern, 346 Mo. 643, 142 S. W. (2d) 493, 496. Further, Sec. 468.620 RSMo 1949 requires that "all courts * * * shall have due regard to the directions of the will, and the true intent and meaning of the testator * , * *." The intention of the testator as gathered from a consideration of the entire instrument must be given effect, if such intention is not contrary to public policy or established rules of law. Lewis v. Lewis, supra; Vaughan v. Compton, 361 Mo. 467, 235 S. W. (2d) 328, 330.

The ordinary, primary meaning is to be given to the language of the will, unless other terms used disclose that such meaning is repugnant to the testator's intent as it appears from the whole will. Mace v. Hollenbeck (Mo. Sup.), 175 S. W. 876; Deacon v. St. Louis Union Trust Co., 271 Mo. 669, 197 S. W. 261, 264; Smoot v. Harbur, 357 Mo. 511, 209 S. W. (2d) 249, 251. Any conclusion as to what the testator may have had in mind must be based upon the legal effect of the language used in the will itself. Middleton v. Dudding (Mo. Sup.), 183 S. W. 443, 444; Vaughan v. Compton, supra; Gannett v. Shepley, 351 Mo. 286, 172 S. W. (2d) 857, 858. When the terms of a will are not so plain and unambiguous as to leave no room for doubt or construction as to what the testator intended, we may rely on certain auxiliary rules of construction and consider the surrounding facts and circumstances. Gardner v. Vanlandingham, 334 Mo. 1054, 69 S. W. (2d) 947, 949.

By reason of the infinite variety of expression employed in wills, precedents are of less value in their construction than in many other fields of inquiry. Mace v. Hollenbeck (Mo. Sup.), 175 S. W. 876, 877; Shelton v. Shelton, 348 Mo. 820, 155 S. W. (2d) 187; Cox v. Jones, 229 Mo. 53, 62, 129 S. W. 495.

 Appellants contend that the widow took absolute title to the property in question; and that the trial court erred in construing the will, because under the wording of the will "the absolute grant of absolute title to the property of the deceased, Robert E. Tolle, under the second clause thereof was not reduced to a life estate under the fourth clause of said will." Appellants rely upon Roth v. Rauschenbusch, 173 Mo. 582, 583, 73 S. W. 664; Tisdale v. Prather, 210 Mo. 402, 109 S. W. 41; Jackson v. Littell, 213 Mo. 589, 112 S. W.

53; Middleton v. Dudding, supra, 183 S. W. 443; and Vaughan v. Compton, supra, 235 S. W. (2d) 328.

Appellants further insist that "the words 'request and direct' are not mandatory in themselves but must be taken into consideration with all provisions of the will to determine whether the same are mandatory or precatory." Estill v. Ballew (Mo. Sup.), 26 S. W. (2d) 778, 780.

Respondents, on the other hand, insist that under the provisions of the will "the widow, Mollie A. Tolle, had a life estate in the property in question, and held the balance of said property at the time of her death in trust, one half for her heirs and the other half for the sisters of said Robert E. Tolle, the respondents herein." Respondents rely upon English v. Ragsdale, 347 Mo. 431, 147 S. W. (2d) 653; Blumer v. Gillespie, 338 Mo. 1113, 93 S. W. (2d) 939; Threlkeld v. Threlkeld, 238 Mo. 459, 141 S. W. 1121; Schorr v. Carter, 120 Mo. 409, 25 S. W. 538.

Respondents further contend that a life estate may be created by implication; that "an absolute title given by one provision of the will may be cut down by other provisions of the will if it clearly appears that it was the intention of the testator to create a life estate, only, in the first taker"; that ▮▮ "the clause giving an absolute title, if it stood alone, and other provisions of the will which cut that title down should be construed together"; and that the words "request and direct" are not a mere expression of trust or a wish, but they do express the testator's will and intention. Blumer v. Gillespie, supra; English v. Ragsdale, supra.

Respondents admit that the second clause of the will standing alone "would give absolute title to the property to the widow." It is well settled that, generally, a devise of real property or a bequest of personal property in a will "as her absolute property" is sufficient to give the devisee or legatee full title to the property devised or bequeathed. Middleton v. Dudding, supra, 183 S. W. 443, 444(5); Weller v. Searcy, 343 Mo. 768, 123 S. W. (2d) 73, 77; Jackson v. Littell, supra, 213 Mo. 589, 597, 112 S. W. 127. "No tenure can be higher or more complete than when it is absolute. An estate which is absolute is free from restriction, limitation, condition, qualification or any imperfection whatever. If absolute it is indefeasible and not subject to be divested or limited or cut down. One who has an absolute estate may do with it what he desires. He may sell it, or use it up; he may keep it and, dying intestate, let it pass to his heirs; or he may pass title to it by his will. No estate can be greater than an estate which is absolute." Vaughan v. Compton, supra, 235 S. W. (2d) 328, 331(8-9).

Respondents, however, contend that "the testator intended to and did cut down the absolute title given in the second clause to a life estate, only, in that part of his estate remaining in the hands of the

widow at her death.'' In such a case, the rule applicable to real property is that ''the devise of a fee in terms, or by words necessarily describing an absolute estate * * * cannot be annulled except by later language in the will, which expressly or by necessary implication, arising from words equally as clear and conclusive as those in granting the fee, cuts down the previous grant of the fee.'' Presbyterian Orphanage of Missouri v. Fitterling, 342 Mo. 299, 114 S. W. (2d) 1004, 1007; Vaughan v. Compton, supra, 235 S. W. (2d) 328, 332; Middleton v. Dudding, supra, 183 S. W. 443, 444; Cox v. Jones, supra, 129 S. W. 495. The same rule applies to the personal property bequeathed by a will. Deacon v. St. Louis Union Trust Co., supra, 197 S. W. 261, 265(5). For the rule to apply to the will in question here, the will must contain later language, which expressly or by necessary implication, arising from words equally as clear and conclusive as those in granting the absolute title cuts down the previous grant of absolute title. Vaughan v. Compton, supra, 235 S. W. (2d) 328, 332.

The terms and provisions of the fourth paragraph of the will are not such that the rule is applicable. It recognizes the ownership of the widow and her right to divide the property by will or otherwise, while at the same time referring to ''any remainder that may be left of my estate at her death.'' In so doing it recognizes her right to use, exhaust and dispose of the property without limitation. The terms and provisions of this paragraph are conflicting and ambiguous. There is also the question of whether the words ''request and direct'' are or are not mandatory. Their use with words recognizing the widow's ownership of the property so that she ''shall by will or otherwise divide'' it, and the recognition of her right to use and dispose of all of it in her lifetime, as evidenced by the words ''any remainder that may be left of my estate at her death,'' indicates to us that the said words were used only as a request to the wife and not as a mandatory provision or command.

The terms of paragraph four of the will are not so sufficiently clear and conclusive as to cut down the grant of absolute title in the second paragraph of the will. ''An intent clearly expressed is not to be defeated by implication from doubtful clauses, though seemingly inconsistent with such intent. It is true doubtful clauses must be considered with all the rest in arriving at the true intent of the whole, but, to modify or change the meaning of clear language by implication from doubtful clauses, 'the implication to have such an effect should be very conclusive.' Brammell v. Cole, 136 Mo. loc. cit. 211, 37 S. W. 924.'' Mace v. Hollenbeck, supra, 175 S. W. 876, 878. ''If a devise of an estate be made to a given devisee, the estate granted may not, in words following, be cut down to a less estate by use of ambiguous words inferential in their intent.'' Cox v. Jones, supra, 229 Mo. 53, 63; Roth v. Rauschenbusch, supra, 173

Mo. 582, 588; Tisdale v. Prather, supra, 210 Mo. 402, 410; Jackson v. Littell, supra, 213 Mo. 589, 596. There is no express provision cutting down to a lesser estate the title granted by paragraph two, and there are no words so strong and clear as to have that effect by plain and necessary implication.

The testator may have thought that, after giving the property to his widow as her absolute property, he could make a further bequest of the property himself, but his ignorance of the law in that respect cannot alter the fact that the only way he could revoke the prior bequest of the absolute title was by express terms, or words of equivalent force, clearness, and strength; and that he could not, while recognizing in the fourth paragraph of his will the widow's title and ownership of the property and power to use and exhaust the property or dispose of it by will, make any further disposition of the same property after her death. He could have abated her absolute title and ownership only by the use of express terms, or words equally as strong, clear and significant as the terms he had used in paragraph two to vest absolute title. This he did not do. The attempted disposition over was void and repugnant to the prior bequest to his widow and his sisters (respondents) took nothing thereunder. Middleton v. Dudding, supra, 183 S. W. 443, 445; Roth v. Rauschenbusch, supra, 173 Mo. 583, 592, 595; Vaughan v. Compton, supra, 235 S. W. (2d) 328, 332.

Further, it appears from the third paragraph of the will that the testator wanted no administration of his estate and no official record of the amount of his estate by "any inventory" filed therein, or any record of the net amount of said estate as would appear from any settlement in the Probate Court.

It is difficult to believe that, if the testator had intended paragraph four as a mandatory command, he would have included the directions given in paragraph three of the will. Clearly, he wished that his widow be free from any control by the Probate Court in the handling of his estate. The will on its face evidences an intent that the widow have absolute title and/ownership of the personal property bequeathed and the statement in the fourth paragraph amounted to no more than a request of the widow.

The cases relied upon by respondents are not controlling here. In the case of Blumer v. Gillespie, supra, in a single paragraph the testator first used words, which standing alone, would have given his widow an absolute title to the real and personal property of the estate, but immediately following and in the same paragraph he first used words somewhat ambiguous and conflicting with the prior sentence, and then closed the paragraph with a clear statement of his intention, towit: "My idea and wish being that our son, Arthur, shall inherit what may remain of my estate after my wife's death." The second sentence in the questioned paragraph of that will is

somewhat similar to paragraph four of the Tolle will, but the fourth paragraph of the Tolle will has no closing sentence comparable to the closing sentence of the questioned paragraph of the Blumer will. In the Blumer case it was held that the testator intended that the widow take a life estate under the will.

In the case of Threlkeld v. Threlkeld, supra, in a single paragraph the will provided: "First: I give, devise and bequeath to my wife, Tobitha E. Threlkeld, one-third of all my estate, or a child's part, as she chooses, and at her death the remainder of her estate to be divided equally among my children." The court said: "It cannot be doubted that the testator intended that his wife should have one-third of his property, if she elected to take it, with the right in her to consume so much of it as she might deem necessary for her support, and that whatever remained at her death should go to his children. The language used is clear and unambiguous. The words giving to the children what should remain at her death are as clear and ██ unequivocal as those which give the property to the wife in the first instance. * * * The limitation over is in the same sentence, and is in language as clear and unambiguous as that which gives the property to the wife. * * * We know of no rule of law that will be violated in carrying out the obvious intent and plain direction of this will." (238 Mo. 459, 465).

In the case of Schorr v. Carter, supra, the testator first used words which standing alone would have given absolute title to his widow, but thereafter by equally clear, definite and unambiguous words in the same sentence and paragraph of the will cut down what would otherwise have been an absolute title into a life estate. The court held that the widow took a life estate.

In the case of English v. Ragsdale, supra, while two of the provisions of the will appear quite similar to the provisions of the will in the case under consideration here, the decision in that case is based upon specific words, terms and circumstances appearing in that will which do not appear here. Except for the fact that that decision is based upon the peculiar situation and specific words used in the Phillips' will, the case of English v. Ragsdale, supra, would appear to be out of line with settled rules of construction and the weight of authority. In that case, the court held that the cases of Roth v. Rauschenbusch, supra, and Middleton v. Dudding, supra, could be distinguished on their facts. In this case we must and do hold that the case of English v. Ragsdale, supra, is not controlling here and is distinguishable upon its own peculiar facts.

Our conclusion is that the testator's bequest to his widow of absolute title to the personal property in question was not cut down or reduced by the terms used in paragraph four. This conclusion is, we believe, fully supported by the following decisions: Vaughan v.

Compton, supra; Roth v. Rauschenbusch, supra; Tisdale v. Prather, supra; Middleton v. Dudding, supra; Jackson v. Littell, supra.

The judgment is reversed and the cause remanded with directions to enter judgment for appellants. All concur.