Noel L. BAKER, Plaintiff/Respondent,

v.

Yvonne BAKER, Cynthia Weiland and Sandra Kane, Defendants/Appellants.

No. 59588.

Missouri Court of Appeals, Eastern District, Division One.

July 16, 1991.

Martin & Malec, Gerard A. Nester, St. Louis, for defendants/appellants.

Bryan Cave, Lisa Demet Martin, St. Louis, for plaintiff/respondent.

KAROHL, Judge.

Plaintiff, Noel L. Baker, filed a proceeding for declaratory judgment. He requested the court to construe the will of his mother, Alpha J. Baker, and find that he became the owner of the entire fee simple interest in his mother's residence as the sole surviving joint tenant. Defendants, Yvonne Baker, Cynthia Weiland and Sandra Kane, are the widow and children of plaintiff's brother, Lloyd N. Baker. They claim Lloyd N. Baker had tenant in common interest with plaintiff in the real estate which they inherited.

The trial court granted plaintiff summary judgment after finding: (a) the last will and testament of Alpha J. Baker devised a joint tenancy with right of survivorship, and not a tenancy in common, to her three sons, Noel L. Baker, Lloyd N. Baker and Ora L. Nagle; (b) upon the deaths of Lloyd N. Baker and Ora L. Nagle, plaintiff became possessed of the entire fee simple interest in the subject real estate; and (c) plaintiff is entitled to one hundred percent interest in the proceeds of the sale of the residence which were in escrow subject to final judgment in this case "as the surviving joint tenant."

Defendants appeal. They claim the court erred in finding the will of Alpha J. Baker created a joint tenancy "because the will made it clear that testatrix's interest was to allow each of her children to share equally in her estate." They claim Alpha J. Baker devised her residence to her sons as tenants in common and plaintiff is entitled to a one half interest and they are entitled to divide a one half interest.

Alpha J. Baker, a widow, made and executed her will on July 25, 1968. She died on April 23, 1976. The will was duly probated by Ora L. Nagle and Noel L. Baker as co-executors. On July 5, 1977, the probate court entered an order approving final settlement and order of distribution of the Estate of Alpha J. Baker. The probate court ordered the real estate transferred and distributed as follows:

11. That, ITEM TWO of the Will of the Testatrix provides that the real estate at 2933 Ridgeway, being the real estate hereinabove described, is devised in equal shares to three children, ORA L. NAGLE, LLOYD N. BAKER and NOEL L. BAKER, as joint tenants with the right of survivorship and not as tenants in common, subject, however, to the right and privilege of the foster-son (referred to in Will as son), ORA L. NAGLE, to live in and occupy and to have the exclusive possession of said real estate so long as the said ORA L. NAGLE should desire to occupy said real estate.

Lloyd N. Baker died on November 25, 1982, survived by defendants. Ora L. Nagle, a single man without decedents, died on May 23, 1989. After Ora's death, plaintiff Noel L. Baker, executed a warranty deed to sell the real estate. Defendants executed a quit claim deed to the buyer and entered into an agreement with plaintiff to escrow the proceeds subject to the present litigation.

All of the parties claim their interest in the real estate under the provisions of Alpha J. Baker's will as follows:

ITEM TWO: I give and devise my real estate at 2933 Ridgeway Avenue, St. Louis County, Missouri, in equal shares to three children, ORA L. NAGLE, LLOYD N. BAKER and NOEL L. BAKER, as joint tenants with the right of survivorship and not as tenants in common, subject, however, to the right and privilege of my foster-son, to whom I have referred to herein as my son, ORA L. NAGLE, to live in and occupy and to have the exclusive possession of my real estate at 2933 Ridgeway Avenue, St. Louis County, Missouri, together with all of the household goods, household furniture, appliances, cooking utensils, silverware, chinaware, drapes, linens and all other personal property pertaining to the use and possession of said real estate so long as the said ORA L. NAGLE, should desire to occupy said real estate, and, at

such time as ORA L. NAGLE, should vacate or abandon said premises or at the time of the death of the said ORA L. NAGLE, it is my desire that said real estate together with all of the personal property herein be sold and the proceeds converted into cash and divided equally among the said ORA L. NAGLE, LLOYD N. BAKER and NOEL L. BAKER.

THREE: All the rest, residue and remainder of my property and estate, both real and personal, of whatever kind and wheresoever situate [sic], of which I may die seized or possessed, or to which I may be entitled at the time of my death, I give, devise and bequeath in equal shares to my foster-son, ORA L. NAGLE, my son, LLOYD N. BAKER, and my son, NOEL L. BAKER.

ITEM FOUR: In the event that either my son, LLOYD N. BAKER, or my son, NOEL L. BAKER, should predecease me, then, in that event, any provision I have made herein for my said deceased son I give, devise and bequeath in equal shares to the children of my said deceased son who may be surviving at the time of my death or at the time my said deceased son should be entitled to any benefits therefrom.

Plaintiff and defendants both argue they are entitled to an interest in the residence because the provisions of the will unambiguously support their claim. Plaintiff relies only on the language in ITEM TWO, "as joint tenants with the right of survivorship and not as tenants in common." Defendants contend "Alpha J. Baker's intention from the four corners of the Will dated July 25, 1968 was to treat her children equally." They rely on the provisions of ITEMS TWO, THREE and FOUR, particularly: (1) that real estate and personal property "be sold and the proceeds divided equally among" the three children, and (2) the residuary clause in ITEM THREE which devises property in equal shares to the three sons.

We find the provisions of ITEM TWO are ambiguous. The entire ITEM consists of a single sentence. The testatrix uses language of joint tenancy with right of surviv-orship, excludes tenancy in common, but this devise is limited by granting Ora L. Nagle a right to exclusive use of the residence as long as he "desires" or until his death. By one interpretation, the circumstances which would develop if Ora L. Nagle chose not to occupy the property *required* a sale of the real estate and a equal division of the proceeds among three named sons. This interpretation may be argued because in a single sentence Alpha J. Baker devised a joint tenancy, subject to a limitation for Ora, and further subject to a direction to sell and divide proceeds if Ora vacated the residence. By a second interpretation of the same language, "it is my desire" was merely precatory language which did not nullify the creation of a joint tenancy with right of survivorship and did not mandate a sale and equal division of proceeds, even if Ora chose to vacate the residence.

The devise of a fee " 'cannot be annulled except by later language in the will, which expressly or by necessary implication, arising from words equally as clear and conclusive as those in granting the fee, cuts down the previous grant of the fee.' " *Housman v. Lewellen*, 362 Mo. 759, 244 S.W.2d 21, 24 (Mo.banc 1951) (citation omitted). In *Housman*, an absolute grant of real estate to a wife in the second paragraph of the will was also the subject of a later paragraph where the testator requested and directed certain actions by his wife relative to dividing the real estate devised to her in paragraph second. The court held the subsequent paragraph contained ambiguous words which were insufficient to cut down the grant of absolute title. *Id.* *Housman* is not clearly decisive to the present case where Alpha J. Baker devised a joint tenancy, but not absolutely, because the devise is immediately limited by Ora's exclusive right to occupy and by provisions for sale if Ora does not occupy by his choice. Unlike *Housman* the grant or devise was not absolute and not mentioned in a subsequent paragraph. The interpretation is of a single sentence. The language of sale, gently expressed as a matter of desire, may or may not have been intended as a limitation on the devised interest in the

real estate. We notice, however, that the expression of a desire for sale and division of proceeds among the three sons could not have occurred if the life estate terminated on Ora's death.

The trial court entered summary judgment for plaintiff after finding he was the surviving joint tenant under the provisions of ITEM TWO of the will. The trial court did not refer to and did not rely upon the legal effect of the order of distribution in the probate estate of Alpha J. Baker. We find the probate court had jurisdiction over the subject matter of the will and all parties involved in the present lawsuit. We hold that the order approving final settlement and distribution of the Estate of Alpha J. Baker is conclusive on the interpretation of the meaning of ITEM TWO of the will of Alpha J. Baker. *See, Rodewald v. Rodewald,* 297 S.W.2d 536, 539 (Mo.1957). The provisions of the order of distribution were responsive to the issue which defendants attempt to relitigate, namely, the effect of the language of "desire for sale and distribution of proceeds" as a limitation on the grant of a joint tenancy or as precatory language. The order of distribution treated this expression as precatory. All three of Alpha J. Baker's sons were then living and received a like interest in the property, including a right of survivorship to sole ownership. All three sons, including defendants' husband and father, had a right to a timely review on appeal. *Id.* at 539.

 We review a summary judgment where the facts are not in dispute. The judgment must be affirmed if, as a matter of law, it is sustainable on any reasonable theory. *J.R. Green Properties, Inc. v. Meixner,* 778 S.W.2d 342, 343 (Mo.App. 1989). The existence of an ambiguity in the will was a question of law for the probate court to decide. *West v. Jacobs,* 790 S.W.2d 475, 480 (Mo.App.1990). The probate court found the will granted a joint tenancy with right of survivorship. The court made the determination in the form of the order of distribution. On the death of each joint tenant the entire estate became the property of the survivor(s) so that plaintiff as the surviving joint tenant is entitled to sole ownership and exclusive possession. *Remax of Blue Springs v. Vajda & Co., Inc.,* 708 S.W.2d 804, 806 (Mo.App.1986).

Defendants argued before the trial court that a final decree of distribution in a probate estate will be held void where it ignores the provisions and is contrary to the will of the testator. They relied on *McNeal v. Bonnel,* 412 S.W.2d 167 (Mo.1967). In *McNeal,* the probate court entered an order of distribution to decedent's son, free of trust. The will provided that the assets be distributed in trust until the son reached the age of thirty years. The appellate court ignored the order for final distribution which was wholly unsupported by the provisions of the will. *Id.* at 169. We find *McNeal* not applicable to the present case where the order of distribution was supported by one interpretation of ITEM TWO of the will, particularly the express language which devised a joint tenancy with right of survivorship and not as tenancy in common. It has been held that orders "though by a Probate Court, are as much entitled to respect and to all presumptions of correctness as orders of any other court." *Coons v. Stokes,* 514 S.W.2d 33, 35 (Mo.App.1974) (citing *Rodewald,* 297 S.W.2d at 539). Application of this rule of law assumes the probate court had jurisdiction in all respects to decide the issue and by order did decide the issue by an order supported by evidence or facts. The rule applies. The order of distribution became conclusive when the judgment became final.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.