JOHN P. BUTLER, Appellant, v. FRANCIS W. ROER, Executor, et al., Respondents.
ALEXANDER W. MULLINS, Appellant, v. FRANCIS W. ROER, Executor, et al., Respondents.

Kansas City Court of Appeals, April 29, 1912.

1. HOMESTEAD: Antecedent Debts: Exemptions. A homestead is not exempt from debts contracted prior to the acquisition of the homestead.

2. ———: Jurisdiction: Equity. The circuit court has no jurisdiction to decree that judgments against an estate for debts of the deceased, be enforced as a prior lien to any claim of homestead on the part of the widow. Probate courts alone have jurisdiction of the administration of the estates of deceased persons and the statutes provide a complete remedy for the determination of homestead rights.

Appeal from Cole Circuit Court.—*Hon. John M. Williams,* Judge.

AFFIRMED.

*Pope & Lohman* and *R. W. Morrow* for appellants.

*John P. Butler* for respondents.

BROADDUS, P. J.—By agreement these two cases were consolidated as the facts are similar, and the question of law the same in both. The facts are, that on the 23d day of March, 1893, as evidence of a pre-existing debt, Judge Gavon D. Burgess gave his note to plaintiff Butler for the sum of $400, bearing eight per cent interest from date. No payments were made on the note, but it was kept alive by various written promises of Burgess to pay. Judgment was obtained in the circuit court on the note on October 31, 1911, for the sum of $995.37, the then amount of the note and accrued interest.

In May, 1890, Burgess became indebted to plaintiff Mullins in the sum of $525 for which he gave his note bearing eight per cent interest, due at various dates; no payments were made thereon, but they were also kept alive by written promises until April 13, 1903, when Mullins remitted all interest then due, and took Burgess' note for $525, the principal amount payable three years after date. This note was reduced to judgment October 31, 1911, for $864.88, the amount of the same and accrued interest.

On September 1, 1894, Burgess purchased, and had conveyed jointly to himself and then wife, Cordelia Trimble Burgess, a residence and homestead in the city of Jefferson, now of the agreed value of about $8000. The two took possession of the property purchased, and continued to use and occupy it as their residence until September 17, 1908, when the wife died, without issue, thus vesting in her husband the entire

estate as surviving grantee, and he remained in possession. On the 17th day of July, 1909, Burgess married the respondent, May Burgess, and with the latter as his wife, continued in the occupation of the said premises. On the 17th of December, 1910, Burgess died testate, naming defendant Roer as his executor, who qualified and is now acting as such, and the deceased left surviving him only collateral kindred.

The suit of plaintiff Butler was begun in the circuit court on the 26th day of January, 1911, to establish his claim against the executor, and to obtain a decree against the widow, postponing her marital right of homestead in said property to plaintiff's judgment, on the ground that such homestead was not acquired, nor the deed thereto filed for record, until September 1, 1894, after plaintiff's debt had accrued, and that as to such debt she could have no homestead.

On January 27, 1911, plaintiff Mullins began his suit in the same court, with substantially the same allegations, and praying for a like relief.

In the Butler case the executor filed an answer containing a general denial and a plea of the Statute of Limitations. The defendant May Burgess' answer admitted the indebtedness, but set up a claim of homestead to the property, and asserting that for that reason it was not subject to the payment of plaintiff's debt. In the Mullins case the executor filed no answer, but May Burgess filed an answer in like terms with the one filed in the Butler case.

Requests were made in each case for a written finding of facts, and at the close of the cases declarations of law were submitted to the court. The plaintiffs likewise submitted to the court a written finding of the facts, admitted by the pleadings and in open court on the trial, and requested a finding in accordance therewith. The court refused to find the admitted facts as requested, refused the declarations of law as tendered in each case, and rendered judgment for

each plaintiff for the amount of his claim as herein-before stated and ordered such judgments certified to the probate court of the county, and in each case dismissed the petition as to May Burgess, and adjudged against each plaintiff the costs in his case. The plaintiffs each appealed his case to this court.

The respective briefs of appellants are mostly directed to the question whether the homestead in question was liable for their debts contracted antecedent to the acquisition of such homestead. We do not thus understand this question to be a debatable one. That a homestead is not exempt from such debts must be conceded.

The only real question is whether the circuit court in this proceeding had jurisdiction to decree that the judgments rendered against the executor for the respective debts of plaintiffs be enforced as a prior lien to any and all claims of homestead on the part of the widow in or to the said property. Section 6704 of the homestead act, now in force, secures to each head of a family certain realty free from execution or attachment for debts, the amount and value of which depend upon its location.

Under section 6708 of the act, there being no minor children, the widow is entitled to a homestead in the property during life or widowhood. This section provides that: ''Such homestead shall not be subject to sale for the debts of the husband unless such debts be legally charged thereon during his lifetime, for which said debts the same may be sold free from the rights of such widow, children or heirs. Provided, that if the heirs of the husband be persons other than his children, then such homestead may be sold for the payment of any debt or debts legally established against his estate, subject to the rights of the widow. Such sale in either case may be made at any time during the course of administration of the husband's estate, and to be conducted in like manner

and the same proceedings had as in or may be provided by law for sales of other real estate for the payment of the debts of deceased persons. The probate court having jurisdiction of the estate of any deceased housekeeper or head of a family shall, when necessary, appoint three commissioners to set out such homestead to the persons entitled thereto.'' Section 150 of the administration law provides how administrators or executors may proceed to sell lands of the deceased to pay debts. Section 154 provides that a creditor may proceed to have real estate sold to pay debts when the executor or administrator does not make application for that purpose.

The deceased, leaving only collateral heirs, under the provisions of section 6708 of the homestead law the plaintiffs, having established their debts against the decedent's estate, can enforce their collection by proceeding under sections 150 or 154 of the administration laws by having the homestead sold subject to the rights of the widow. The sale may be made for the payment of any debts of the husband that have been legally established. The language includes all kind of debts of the husband whether contracted before or after acquisition of the homestead subject to the rights of the widow. Under these statutes the probate court had jurisdiction to order the sale of the homestead on petition of the executor or that of the plaintiffs in the event of the failure of the executor to petition for such sale; and the proceeds, being in the hands of the executor, the court had jurisdiction to determine the rights of the widow to the proceeds of the sale. The homestead being subject to plaintiffs' debts the court would have the power to adjudge that their claims be first paid out of the proceeds of the sale and the residue paid to the widow, or so much thereof as would be equal to the value of her homestead during life. The death of the husband did not change the legal status of the parties. The homestead

of the husband was subject to sale for the payment of his debts during his life and it remains subject to sale for their payment after his death. [Rogers v. Marsh, 73 Mo. 64; Anthony v. Rice, 110 Mo. 223.]

There was no call for the exercise of the equity arm of the court, as the plaintiffs had and still have a complete remedy under the statute in the probate court, which alone had jurisdiction of the administration of the estate of deceased persons. The judgment is affirmed. All concur.