NETTLETON BANK, RESPONDENT, v. ESTATE OF GEORGE W. McGAUGHEY, DECEASED, APPELLANT.*

Kansas City Court of Appeals. December 17, 1928.

*Corpus Juris-Cyc References: Executors and Administrators, 24CJ, section 1479, p. 566, n. 16.

*Frank B. Klepper* and *O. E. Shultz* for respondent.

*Sterling P. Reynolds* for appellant.

BLAND, J.—This appeal involved a judgment of the probate court of Buchanan county ordering the sale of land. The case was originally appealed to this court but believing that title to real estate was involved in the judgment, we transferred the cause to the Supreme Court; that court found that we were in error and retransferred the case here and it is now before us for final determination.

The facts show that in January, 1923, the appellant, Kathryn McGaughey, as administratrix of the Estate of George W. McGaughey, deceased, her husband, filed a petition in the probate court of Buchanan county, under section 106, Revised Statutes 1919, as amended, Laws of 1921, p. 111, for an order to sell real estate of the deceased, who died intestate. The petition requested that the real estate be

sold subject to homestead rights and deeds of trust thereon. The purpose of the sale was to raise funds to pay the widow's allowance of $900 a year for a year's support under section 106, and $400, her absolute allowance under section 107, both of which allowances had been made by the court. Appellant and deceased had two living minor children and the homestead in the land upon his death vested in her and them.

The respondent, Nettleton Bank, filed in the probate court an intervening petition pleading that a claim had been allowed in its behalf against the estate which claim was founded upon an indebtedness contracted prior to the acquisition of the homestead by the deceased, and asking that the whole title to the land, including the homestead, be sold for the payment of its debt as well as for the widow's allowance. The probate court decided in favor of the bank and ordered the whole title to the property sold. The administratrix appealed to the circuit court and that court decided as did the probate court. The claim of the bank, which had been allowed in the probate court, was founded upon a note containing the endorsement of the deceased. No judgment had been recovered upon the note nor was the note secured by any lien or encumbrance on the land during the lifetime of the deceased but the bank relied upon the fact that its debt antedated the acquisition of the homestead by the deceased.

Appellant contends that the court erred in ordering the whole title to the property sold and that neither the probate court nor the circuit court had any right to permit the bank to intervene. Section 106, Revised Statutes 1919, as amended by the Laws of 1921, p. 111, provides for the sale of land by the probate court for the payment of the year's support allowance and makes no mention of the $400 absolute allowance provided by section 107, Revised Statutes 1919. Said section 106, as amended, provides that the sale of real estate thereunder shall "be conducted in the same manner as provided by law for the sale of real estate of a deceased person to pay debts of the estate." It expressly provides that a sale under that section shall "be made subject to any homestead rights," etc.

Respondent contends that the action of the court was proper under section 5860, Revised Statutes 1919, providing that a homestead "shall be subject to attachment and levy of execution on all causes of action existing at the time of acquiring of such homestead." However, it has been held that this section of the statute has no application to the character of homestead provided in section 5857, Revised Statutes 1919, that is, a homestead passing to the widow or child upon the death of the head of the family, such as the homestead involved in the case at bar, and that such a homestead is subject only to such debts as were legally charged thereon during the lifetime of the husband. [Maupin v. Longacre, 288 S. W. 54.] We, therefore,

conclude that the court erred in ordering the whole title in the property sold and permitting the bank to intervene in the proceedings.

The judgment is reversed and the cause remanded. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.

