In re: Estate of G. V. Clute, Deceased, George N. Clute, Administrator, Respondent, v. Walter F. Clute, Appellant.—161 S. W. (2d) 705.

Kansas City Court of Appeals.  April 6, 1942.

*R. H. Musser* for appellant.

*Frank W. Armstrong* for respondent.

SPERRY, C.—This is an appeal from a judgment ordering sale of 13 1/3 acres of land owned by the estate of G. V. Clute, deceased, said real estate being the sole assets of said estate and being the homestead of deceased and of Viola Clute, his widow.

G. V. Clute, deceased, died testate November 22, 1939, seized and possessed of the land in question. He left surviving, Viola Clute, his widow, and seven children, all of whom were past twenty-one years of age. His sole property consisted of personalty inventoried and sold for the sum of $19.96, and the land described in the judgment herein appealed from. The land is appraised and inventoried at the value of $416. Deceased left a will wherein his son, Walter F. Clute, was named as sole beneficiary, and deceased's widow and his remaining children were mentioned but received nothing under the terms of said will. The will was duly probated and a son of deceased, George N. Clute, was legally appointed, and thereafter duly qualified, as administrator.

Thereafter, the widow filed her petition in probate court alleging that she was deceased's widow and praying that allowance be made for her support for a year. The probate court, in due time, made and entered of record its order finding that the widow was entitled to an allowance for a year's support, and granted and ordered paid to her, out of the assets of said estate for that purpose, the sum of $600.

Thereafter, the administrator filed a partial settlement, which was duly approved by the court, wherein it was shown that the personal property had been sold and the proceeds entirely exhausted in paying administrative costs; called attention to the order of court concerning payment of the $600 cash allowance to the widow; recited that there were no assets from which said cash allowance could be realized excepting from the sale of the real estate; and suggested that the court, of its own motion, make and enter its order of sale of said real estate, subject to homestead rights, for the purpose of paying said widow's allowance.

Walter F. Clute filed an intervening plea and set up the fact that said real estate was the homestead of deceased during his lifetime and thereafter became, and then was, the homestead of the widow, Viola Clute. He alleged that he was the sole beneficiary under the will of deceased and he denied the power and jurisdiction of the

probate court to order said homestead sold for the purpose of paying the cash allowance to the widow.

The probate court made and entered an order of sale, ordering said real estate sold for the above mentioned purpose, said sale, however, to be made subject to homestead rights. From this order Walter F. Clute, whom we shall refer to as appellant, appealed to the circuit court where, after trial duly had, that court found that the real estate here involved constituted a homestead and ordered same sold, subject to homestead rights, for the purpose of procuring funds with which to pay the widow's allowance of $600 aforementioned. From this judgment appellant appeals to this court.

It is conceded by both administrator and appellant that the real estate involved is a homestead and that its entire value is about $416. The sole question involved is whether or not the court has the power to order sale of real estate comprising a homestead, subject to the homestead rights, for the purpose of paying the statutory allowance duly made for maintenance of the widow, when the real estate involved is of a value not greater than $1500.

The rights of the widow, minor children, and creditors in the homestead is determined by the law in force at the time of the death of the homesteader. [Kay v. Politte, 129 S. W. (2d) 863, 864.] The rights of homesteaders, or of those entitled to homestead rights, have always been carefully guarded by our courts, and the rights of homesteaders have been liberally construed. [Dennis v. Gorman, 289 Mo. 1, 9.] However, such rights have always depended upon the conditions and wording of statutes in force from time to time. [See cases hereinafter cited.] Prior to 1862 there existed in this State no homestead rights or estate for the benefit of widow and children (Dennis v. Gorman, supra, l. c. 9); and between 1875 and 1895 the homestead property could be sold, subject to homestead rights, to pay ordinary debts of the estate. [Keene v. Wyatt, 160 Mo. 1, 9; Libby v. Boward, 288 Mo. 148, 154; Robbins v. Boulware, 190 Mo. 33, 41.] After the amendment of 1907 (Laws 1907, p. 301), wherein Section 3620, Revised Statutes Missouri, 1899, was repealed and a new section was enacted in lieu thereof, homestead property could be sold, subject to rights of the widow, to pay debts where the heirs of the husband were persons other than his children. [Dennis v. Gorman, 289 Mo. 1, 12.]

Section 106, Revised Statutes Missouri, 1939, the section of our statute which governs this case provides, in part as follows:

"*Provided*, that if there be not sufficient personal assets in the estate available for such purposes, then the court may order the administrator or the executor of said estate, to mortgage for a term not exceeding one year, or sell for cash, so much of the real estate of the deceased as may be necessary to pay said allowances, such sale to be made subject to any homestead rights in the real estate, mortgaged or

sold, and subject to any existing liens thereof, the sale so made to be conducted in the same manner and under the same proceedings as provided by law for sale of real estate of a deceased person to pay debts of the estate. [R. S. 1929, pars. 106 and 107; Reenacted Laws 1933, p. 164.]''

This section, as it now reads, first came into the law upon the repeal of Section 106, Revised Statutes Missouri, 1919, and the enactment of a new section, numbered 106, in lieu thereof. [Laws Missouri, 1921, page 111.] The only change in the statutes touching this matter since 1921 was the repeal of Sections 105 and 106, Revised Statutes Missouri, 1929, and the enactment of a new section, to be known as Section 107, which eliminated some language contained in the former sections, and combined the two aforesaid sections into one. [See Laws Missouri, 1933, page 164.] This last mentioned section appears in Revised Statutes Missouri, 1939, as Section 106.

We are cited to no decision directly holding that the fee of the homestead land, subject to the homestead rights, may be sold to pay a widow's allowance for a year's support. However, the Supreme Court, in Nettleton Bank v. McGauhey's Estate, 2 S. W. (2d) 771, l. c. 772, observed: ''The statute mentioned (section 106) since its reenactment in 1921 has sanctioned the probate sale of land for the payment of the year's support allowance . . .'' This was said in a case where the lower court had ordered the homestead sold, subject to homestead rights, for payment of $900 allowance to the widow for a year's support.

Since the sale of homestead land has always been directly controlled by the statutes in force at the time of the death of the husband or father, we hold this still to be the law. [Kay v. Politte, *supra.*] The statute in this case authorizes the sale of the remainder of a homestead tract, ''subject to any homestead rights *in the real estate, mortgaged or sold,* . . .'' We think the meaning of the statute is clear and unambiguous and that a sale in this case, as ordered by the court, is authorized. Such a sale is authorized by the statute, and by order of the circuit court in this case, will convey the fee simple title to said real estate, subject, however, to the homestead rights of the widow, Viola Clute.

The judgment is affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.