In re Estate of Perry A. Evans, Belle DeMotte Evans, Appellant, v. Myrtle B. Moore, Respondent.—165 S. W. (2d) 705.

Kansas City Court of Appeals. November 2, 1942.

Emmett Bartram, William S. Warden, Paul C. Sprinkle, William F. Knowles and Sprinkle & Knowles for appellant.

Wm. G. Sawyers and Virgil L. Rathbun for respondent.

SPERRY, C.—Appellant, Belle DeMotte Evans, is the widow of Perry A. Evans, deceased. Respondent is the daughter and only child of deceased. The estate of deceased is in process of administration and appellant duly filed, and was allowed, a claim against same, in the amount of $600, for a year's support, under the provisions of section 106, Revised Statutes Missouri, 1939, which judgment is not here in controversy. She also filed a claim for $200 cash allowance in lieu of the family Bible and other books mentioned in said section, and one for $500 cash in lieu of household, kitchen and table furniture. She stated in her written claim that the above articles, mentioned in the statute, do not exist and she claimed a $700 cash allowance in lieu thereof. Her claim was duly allowed by the probate court but, on appeal to the circuit court, the judgment of the probate court was reversed. From that judgment appellant prosecutes this appeal.

The facts involved are agreed upon by the parties, and are embraced in what has heretofore been stated. The precise legal question posed is before an appellate court for the first time, although we recently construed another provision of said section 106, Revised Statutes Missouri, 1939 (Mo. R. S., sec. 106). [In re Clute'e Estate, 161 S. W. (2d) 705, 706.] Said section, in part, is as follows:

"In addition to dower, the widower or widow shall be entitled to keep as his or her absolute property the family Bible and other books, not to exceed two hundred dollars; all the wearing apparel of the family, all implements and articles of domestic industry, all clothing of the family; all household, kitchen and table furniture, including beds, bedsteads, and bedding, not to exceed the value of five hundred dollars, and such sums of money in exclusion of all debts, claims, charges, legacies, and bequests, as the court may deem reasonable for the proper support of the said widower or widow, and the minor children under the age of eighteen years, if any, as the case may be, for the period of one year after the death of the spouse, in a manner suited to his, her or their condition in life, taking into account the condition of the estate of the deceased spouse, and the court shall make such appropriation out of the personal assets of the estate: *Provided*, that if there be not sufficient personal assets in the estate available for such purposes, then the court may order the administrator of the executor of said estate to mortgage for a term not exceeding

one year, or sell for cash, so much of the real estate of the deceased as may be necessary to pay said allowance   .   .   .''

At least as far back as 1835 The Statutes of Missouri provided that the surviving widow should be entitled to keep as her absolute property all wearing apparel of the family, her implements of domestic industry, sufficient beds and bedding for herself and members of deceased's family, and all grain, meat, vegetables, groceries and other provisions *on hand, and provided,* and necessary for a year's subsistence for herself and family.  The intent of the legislature with respect to this section of the statute, section 29, Revised Statutes Missouri, 1845, section 106, Revised Statutes Missouri, 1929, is disclosed by sections 31 and 32 subsequent, requiring her to make application for such articles prior to their sale or distribution, and providing for the payment to her of the value thereof if same had been sold by the administrator or executor.  She was to receive *none* of said articles or *provisions* unless same were in existence.  No provision was ever made, originally, for her to receive a cash allowance in lieu of grain, meat, vegetables, groceries, etc., if same were not ''on hand, and provided,'' or for any of the other articles mentioned therein.

Thus the statutes stood in the 1845 revision, but in Revised Statutes Missouri, 1855, we find that the statutes have been amended so that, in addition to the articles enumerated theretofore, the widow is also entitled to retain ''the family Bible and other books not to exceed $200.''  Some other minor changes also appear therein; but the major innovation is the appearance of a new section (section 31, page 134, R. S. Mo. 1855), which provides that if the grain, meat and other provisions ''shall not be on hand'' the court shall make a reasonable appropriation out of the assets of the estate to supply ''such deficiency.''  It will be noted that the new section was made to apply only to the ''grain, meat and other provisions allowed the widow in the preceding section,'' and did not apply to the various other items mentioned in said preceding section.

The two above mentioned sections are carried forward in General Statutes of 1865, and in succeeding revisions, with very few changes; and they appear in Revised Statutes Missouri, 1929 as sections 106 and 107.

In considering the issues in this case it is appropriate to observe that the domestic economy of the citizens of Missouri has changed considerably in the period of 1835 to 1933.  No longer does the householder have in his pantry or cellar (indeed he is unusually situated if he has a pantry or cellar), ''grain, meat, vegetables, groceries and other provisions on hand and provided'' sufficient to maintain the family for a year.  The modern ice box is scarcely commodious enough to provide such storage, even if the chain grocery store were on a credit instead of a cash and carry basis.  No doubt the Legislature, in 1933, became cognizant of such economic changes as had occurred during the past ninety-eight years and as are reflected in the homelife of the

average citizen, and concluded to give said changes its open, unqualified, bold sanction and approval. We think such was the principal, if not the sole object and intent of the law-making body when it repealed sections 106 and 107, Revised Statutes Missouri, 1929, and enacted in lieu thereof what is now section 106, *supra*.

This must be so because the provisions of section 106, Revised Statutes Missouri, 1929, with the exception of that portion which relates to ''grain, meat, vegetables . . .'' is incorporated in the new section in substantially the same language as that in which it appeared in the former statute; but the clause regarding ''provisions'' was completely abandoned and the surviving spouse was simply authorized. ''. . . to keep as his or her absolute property . . . such sums of money . . . as the court may deem reasonable . . . for the proper support of the said widower or widow, and the minor children . . . for the period of one year. . . .'' In the same clause it is further provided: ''. . . and the court shall make such appropriation out of the personal assets of the estate. . . .'' . The words ''make such appropriation out of the personal assets of the estate,'' refer to the appropriation of ''such sums of money'' as the court may deem proper for the purpose theretofore stated. It would not make sense to hold that the Legislature meant to provide for the court ''to make such appropriation'' out of the personal assets of the estate in respect to ''the Bible and all other books,'' ''all the wearing apparel,'' ''all household, kitchen and table furniture, . . .'' Such articles are specifically described in the statute and are given outright to the surviving spouse, if they are in existence; but even if there are ''such sums of money'' in the estate, it nevertheless might be necessary for the court to make its order appropriating same to the surviving spouse before he or she could get it from the bank or safety box. If there were no cash on hands, but if there were other personal assets, then certainly such action by the court would be necessary before same could become available for this purpose.

The remainder of the section is devoted to providing for payment to the spouse of ''such sums of money'' as may be by the court appropriated for ''such purposes,'' that is for the support of ''the widower or widow, and the minor children.'' The fact that use is made of the expressions: ''such purposes'' and ''allowances,'' instead of ''such purpose,'' and ''allowance'' is without significance. The intent was to provide a year's support for the surviving spouse *and the minor children*. It is frivolous to speculate on whether or not the dual object constituted more than one purpose, or whether or not the appropriation of money thus authorized constituted an ''allowance'' or ''allowances.'' To discuss the matter is to indulge a play on words. Appellant's contention in this connection is disallowed.

Our construction of the statute is in harmony with the historical background and the development of the statute, and with the previous

decisions of the courts construing same prior to the amendment of 1933. In Nelson v. Troll, 156 S. W. 16, at l. c. 19, the St. Louis Court of Appeals held that the surviving spouse was entitled to the absolute ownership of the "Bible and other books" and of the "household, kitchen and table furniture, . . ." *if same were in existence* upon the death of decedent, without any action by the probate court; but it also held that if said articles were not in existence the surviving spouse was not entitled to their equivalent value in money to be appropriated from the proceeds of other property. The court also there held that the surviving spouse was entitled to an allowance for a year's support, to be appropriated out of the proceeds of other property. Appellant does not contend that the statute was otherwise construed prior to the repeal of sections 106 and 107, Revised Statutes Missouri, 1929, and the adoption of section 106, Revised Statutes Missouri, 1939; section 106, Missouri Revised Statutes Annotated, 1939. We hold that the meaning and effect of the new section is, except for a matter not here of importance, virtually identical with that of sections 106 and 107, Revised Statutes Missouri, 1929.

The judgment should be affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.