John RODEWALD and Fred Rodewald,
Appellants,

v.

Christeena M. RODEWALD, Respondent.
No. 45209.

Supreme Court of Missouri,
Division No. 2.

Jan. 14, 1957.

Kearby & Scott, Poplar Bluff, for appellants.

Wangelin & Friedewald, Poplar Bluff, for (defendant) respondent.

BOHLING, Commissioner.

This review in final analysis presents for determination the effect of the sale of a homestead in the probate court for the payment of the allowance to the homesteader's widow for a year's support under § 462.450, now V.A.M.S. §§ 474.250, 474.260. (Statutory references are to RSMo 1949 and V.A.

M.S. unless otherwise indicated.) The litigants are the children of Albert J. and Edna Rodewald, now deceased. John and Fred Rodewald sued Christeena M. Rodewald. Plaintiffs' petition sought the cancellation of an administratrix's deed in the father's estate to the mother, Edna, and a deed from the mother to Christeena in one count, and the partition in equal parts of three parcels of land between the parties in the other count. The litigants asked that their rights, titles and interests in the real estate be determined. All of the land is situated in Township 23, Range 8, Butler county, Missouri. The father, at his death, held the title to the SW ¼ of the SE ¼ of Sec. 32 (the homestead, containing 40 acres, more or less) and to Lot 10 of the SW ¼ of Sec. 34 (containing 27.70 acres, more or less); and he and his wife held by the entirety the NW ¼ of the SE ¼ of said Sec. 32 (containing 40 acres, more or less). The administratrix's deed conveyed said SW ¼ of the SE ¼ and said Lot 10 to the mother. The mother's deed conveyed said SW ¼ of the SE ¼ and said NW ¼ of the SE ¼ to the defendant, and defendant did not question plaintiffs' pleaded claim of title to said Lot 10. The chancellor found and decreed that the litigants each owned an undivided one-third interest in said Lot 10 and ordered the same sold in partition; and that defendant owned said SW ¼ of the SE ¼ and said NW ¼ of the SE ¼. Plaintiffs, on this review, claim error only in the ruling vesting title to said SW ¼ of the SE ¼, the homestead, in defendant, and present no issue respecting said NW ¼ of the SE ¼, held by the father and mother by the entirety. Plaintiffs contend the court was without jurisdiction to appoint the administratrix and her acts as administratrix were void, and that the mother held only a life estate, which was all that passed by her deed to defendant. We think the decree was correct.

Albert J. Rodewald died testate July 4, 1939, leaving his wife and the litigants, who were then of age, surviving. Edna died intestate March 16, 1954. By his will, Albert J. bequeathed and devised his estate, real and personal, to his wife for life with the remainder to their three children equally. He named his wife executrix. The will was probated December 21, 1940, and his widow duly qualified as executrix. Notice of letters of administration were published in January, 1941. The inventory and appraisal of the estate, filed February 1, 1941, valued said SW ¼ of the SE ¼ of Sec. 32 at $1,000 and said Lot 10 of the SW ¼ of Sec. 34 at $280. The personal property was valued at $516.50.

At the February term, 1941, the probate court entered an order turning over to the widow, Edna Rodewald, the household and kitchen furniture of her deceased husband, and made an allowance to her of $1,200 for a year's support under § 462.450, and of $400 under § 462.460, now V.A.M.S. § 474.-250.

On March 20, 1941, Edna Rodewald filed her written resignation as executrix in the probate court and submitted her written account current for transfer settlement with her successor in the administration of her husband's estate. On March 29, 1941, C. M. Thomas qualified as administratrix, de bonis non with the will annexed, of the estate of Albert J. Rodewald, deceased. Christeena was at the time married to a Mr. Thomas, and C. M. Thomas and Christeena are one and the same person. Christeena, with her mother until her mother's death in 1954, has occupied the home place since Albert J.'s death. The plaintiffs lived near the home place. The record does not disclose any entry on the probate court records with respect to a publication of the widow's intention to resign as executrix as provided by § 461.510; and it was admitted there was no such publication of her intention to resign. Fred and John knew Christeena had married Mr. Thomas. Fred knew about Christeena being appointed administratrix and had and made no objection thereto. The administratrix, upon petition and notice, sold the personal property at public vendue on April 12, 1941, at

the home place. John knew Christeena had something to do with the administration of the father's estate, "didn't know what"; and was present at the sale of the personal property. The widow purchased the personal property at the sale for $186, which was charged against her $400 allowance.

On July 12, 1941, the administratrix filed her petition to sell said SW ¼ and said Lot 10, or so much thereof as might be necessary, of the estate of Albert J. Rodewald, deceased, at private sale to pay the $1,200 theretofore allowed the widow under § 462.450. Notice thereof was served upon John Rodewald and Fred Rodewald, and the other heirs and devisees of said deceased. Thereafter, and on September 22, 1941, in obedience to the order of court directing a sale at private sale, said administratrix sold said SW ¼ to Edna Rodewald for the sum of $1,000, and sold said Lot 10 to Edna Rodewald for $280, and made report thereof to the court on said September 22, 1941.

Edna Rodewald paid said purchase price by executing three receipts to said administratrix, as follows: One acknowledging receipt of $1,000 on said allowance of $1,200 for support and maintenance under § 462.450, being in payment for said SW ¼, the homestead. The other two receipts were in payment for said Lot 10, not in question here, one being for the unpaid $200 of the $1,200 allowance, and the other being for $80 of the unpaid portion of the $400 allowance to the purchaser.

The administratrix's report of sale was approved on October 6, 1941; and on said date the administratrix made, executed and delivered to Edna Rodewald her deed conveying said SW ¼ and said Lot 10 to said purchaser. This deed was recorded October 6, 1941. The report of sale and the deed recite that each parcel sold for its appraised value.

After publishing notice of final settlement and making proof thereof, the administratrix filed her final settlement of the administration of the Albert J. Rodewald, deceased, estate on May 27, 1942.

On January 23, 1954, Edna Rodewald deeded said SW ¼ and said NW ¼, the two 40 acre parcels, to Christeena M. Rodewald. The recited consideration was $1.00 and other good and valuable considerations.

Plaintiffs first say that the acts of the administratrix were void because Edna Rodewald failed to publish notice of her intention to resign as executrix in accord with § 461.510; citing State ex rel. Russell v. Mueller, 332 Mo. 758, 60 S.W.2d 48, 50 [5], 91 A.L.R. 705; and State ex rel. Ramsey v. Green, Mo.App., 17 S.W.2d 629, 635 [2].

Section 461.510 provides for the publication once a week for four consecutive weeks in a newspaper of the county of a notice of the intention of an executor or administrator to resign. State ex rel. Russell v. Mueller, supra, was a proceeding in prohibition, relatrix contending that, while a public administrator had a right to resign, he having published his intention to resign and the probate court having accepted his resignation, the order accepting the resignation was not appealable. The preliminary rule in prohibition was quashed, the court holding that a creditor of the estate was entitled to have the action of the probate court reviewed on appeal, 60 S.W.2d loc. cit. 52. In State ex rel. Ramsey v. Green, supra, the executors of a decedent's estate filed their written resignation with the probate court without complying with § 461.510 by publishing their intention to resign. The probate court accepted the resignation and appointed another as administrator, who qualified. However, at the same term, the probate court, upon being advised, revoked the order discharging the executors and revoked the order issuing letters of administration to their successor, 17 S.W.2d loc. cit. 631. Thereafter, the successor administrator secured the issuance of an alternative writ of mandamus in the circuit court to compel the probate court to order the executors to

make final settlement and turn over to him the assets of the estate. In a proceeding in prohibition instituted in the court of appeals it was held that the probate court had jurisdiction to set aside and correct errors made during the term of court; and that the circuit court was without jurisdiction to proceed by mandamus to compel the probate court to perform a judicial act wholly within the judicial discretion of the probate court, 17 S.W.2d loc. cit. 636 [3-5].

There are observations arguendo in the cited cases tending to support plaintiffs' position, but the instant issue was not before the court for decision. In the instant case no appeal was taken from any order of the probate court and now, many years after the appointment and qualification of the administratrix and her final settlement of the decedent's estate and in a proceeding seeking to set aside the administratrix's deed, plaintiffs first question the action of the probate court by a collateral attack thereon. What the plaintiffs might have accomplished by a timely appeal is not the issue here.

■ A judgment of the probate court on matters within its jurisdiction is as conclusive and impervious to collateral attack as the judgment of a court of general jurisdiction. McIntyre v. St. Louis & S. F. R. Co., 286 Mo. 234, 227 S.W. 1047, 1049; State ex rel. Pountain v. Gray, 106 Mo. 526, 17 S.W. 500; Sheetz v. Kirtley, 62 Mo. 417; Higbee v. Billick, 244 Mo. 411, 148 S.W. 879, 882. Plaintiffs had a right to a timely review of the court's action on appeal. §§ 467.010, 467.030, V.A.M.S. §§ 472.160, 472.180, 472.200.

■ In the instant case the executrix presented her account current for transfer settlement to the probate court with her resignation; and nine days thereafter her successor administratrix qualified. The record is not as full and complete as it might be but indicates that the successor administratrix received all the property of the estate from the executrix and thereafter administered the estate. A presumption exists of right action on the part of probate courts. Higbee v. Billick, supra; Macey v. Stark, 116 Mo. 481, 21 S.W. 1088, 1091 (3, 4). Under the authority of Emmons v. Gordon, Banc, 125 Mo. 636, 28 S.W. 863; Id., 24 S.W. 146, 147(1), 25 S.W. 938, wherein the notice given was considered not a proper notice by an executor of an intention to resign and a nullity, what occurred in the Albert J. Rodewald, deceased, estate constituted a good resignation as between the executrix and her successor administratrix. Plaintiffs have not established error in the chancellor's ruling.

Plaintiffs also say that Edna Rodewald took only a life estate under her husband's will and could not acquire a title by adverse possession against his heirs, the remaindermen, during the existence of the life estate, Shoultz v. Lee, 260 Mo. 719, 168 S.W. 1146 [1-3], or acquire an absolute title against the remaindermen, Moran v. Stewart, 246 Mo. 462, 151 S.W. 439, 443, or enlarge her estate by a conveyance to a grantee, the grantee receiving only the grantor's life estate, which terminated at the grantor's death. Ross v. First Presbyterian Church, 272 Mo. 96, 197 S.W. 561, 562 [3]. The Shoultz case involved an exclusive possession in quarantine, § 469.220, with dower unassigned, of a widow whose husband died in 1859, and a purchase by the widow at a sale to pay decedent's debts. The Moran case involved quarantine and dower rights of a widow whose husband died in 1892. The Ross case involved a devise of a life estate to the wife of a testator who died in 1860, and a deed from the mother to a son by another than testator.

■ The rights of the surviving spouse, children and creditors in a homestead are governed by the law in effect at the death of the homesteader. Dennis v. Gorman,

289 Mo. 1, 233 S.W. 50, 52; Kay v. Politte, 344 Mo. 805, 129 S.W.2d 863, 864, 122 A.L.R. 1145.

The instant homesteader died July 4, 1939 and §§ 612 and 106, R.S.1939—now §§ 513.495 and 462.450—bear on the issue. The provisions, quoted infra, of § 513.495, bearing on the issue by analogy, and § 462.450, controlling here, first appeared in Laws 1907, p. 301, § 3620, and Laws 1921, p. 111, § 106, respectively. The situation frequently presented involves debts of a homesteader not legally charged against the homestead during the homesteader's lifetime. A sale of the homestead for such uncharged debts is a nullity. Maupin v. Longacre, 315 Mo. 872, 288 S.W. 54, 58; Kay v. Politte, supra, 129 S.W.2d loc. cit. 865 [2]. Plaintiffs' cases are of this general category.

Section 513.495, after providing that the homestead shall not be subject to sale for debts not legally charged thereon during the homesteader's lifetime, further provides "that if the heirs of the husband be persons other than his children, then such homestead may be sold for the payment of any debt or debts legally established against his estate, *subject to the rights of the widow.*" (Emphasis supplied.) So far as pertinent here Butler v. Roer, 163 Mo.App. 283, 287, 146 S.W. 811, 812 [2], is to the effect that where the deceased homesteader leaves only collateral heirs the homestead may be sold subject to the rights of the widow; that is, the remainder interests of the collateral heirs may be sold.

Section 462.450 provides for, among other things, in addition to dower, an allowance to the widow under the facts of the instant case for a year's support out of the personal assets of the estate; "provided, that if there be not sufficient personal assets in the estate available for such purposes, then the court may order the administrator or the executor of said estate to mortgage for a term not exceeding one year, or sell for cash, so much of the real estate of the deceased as may be necessary to pay said allowances, *such sale to be made subject to any homestead rights in the real estate * * * sold * * *.*" (Emphasis supplied.) In re Clute's Estate, 236 Mo.App. 1030, 161 S.W.2d 705, 706 [4], held that probate courts have jurisdiction to order a sale of the homestead to pay the allowance for the year's support of the widow and that such a sale vests the fee simple title to said real estate, subject to the homestead rights of the widow. The case of Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 2 S.W.2d 771, loc. cit. 772, 773, mentions that § 462.450 sanctions the probate sale of the homestead to pay said allowance for a year's support; and see that case on transfer to the court of appeals, 222 Mo.App. 1084, 11 S.W.2d 1093. Consult Monahan v. Monahan's Estate, 232 Mo.App. 91, 89 S.W.2d 153, 155 [1].

Plaintiffs make complaint of certain findings of fact entered by the court with respect to matters not determinative of the issues presented. They need not be developed.

The judgment was for the right party. It is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.