Mercantile-Commerce Bank and Trust Company, Trustee, Under the Will of Paul Brown, Deceased, v. Dorothy Brown Morse, Appellant, Frank C. Rand et al., Defendants.—No. 39826.—201 S. W. (2d) 317.

Division One, April 21, 1947.

*J. C. McManaway* and *John C. Tobin* for appellant Dorothy Brown Morse.

*Thompson, Mitchell, Thompson & Young, Samuel A. Mitchell* and *Edgar H. McCulloch* for respondent Mercantile-Commerce Bank & Trust Company, Trustee Under Will of Paul Brown, Deceased.

DOUGLAS, P. J.—This case involves the construction of the will of Paul Brown who died in 1927 leaving an estate in excess of $7,250,000. He left one-sixth of his residuary estate to the Mercantile Trust Company, now Mercantile-Commerce Bank and Trust Company, in trust for his two grandchildren Paul Brown, III and Dorothy Brown, now Dorothy Brown Morse, the appellant, the children of his deceased son Paul Brown, Jr. Paul Brown, III died leaving no descendants. The share of Paul Brown, III was thereafter held in trust for the benefit of Dorothy under the same terms and conditions governing her original share. The portion of the will which may be pertinent to this case are:

"*Item Twenty-one*: All the rest, residue and remainder of my estate of whatsoever ▇▇▇ kind, real and personal, and wherever situated at the time of my death, I give, bequeath and devise, as follows:

. . . . . . . .

(f) One-sixth (1/6) thereof unto the Mercantile Trust Company, a corporation of the City of St. Louis, Missouri, IN TRUST, however, upon the terms and conditions hereinafter set out for the benefit of the children of my deceased son, Paul Brown, Jr.

. . . . . . . .

The one-sixth (1/6) bequeathed and devised unto the Mercantile Trust Company, a corporation of the City of St. Louis, Missouri, under clause 'f' of this item (twenty-one) of my will, is to be held by the said corporation, IN TRUST, for the following uses and purposes, that is to say:

(1) To hold, possess, manage and control the said trust estate and every part thereof, with full power to sell, transfer, convey and dispose of the same, upon such terms, and in such manner, and for such prices, as to my Trustee shall seem meet and proper.

. . . . . . . .

(2) I direct my Trustee to divide the said one-sixth (1/6) held for the benefit of the children of my deceased son, Paul Brown, Jr., into two (2) equal parts, and to set apart one (1) of said portions, IN TRUST, for the benefit of my grandson, Paul Brown, III, and to set apart the other portion, IN TRUST, for the benefit of my grand-

daughter, Dorothy Brown, upon the terms and conditions hereinafter set out.

(12) I direct my Trustee to pay over, from time to time, so much of the net income and revenue derived from the portion held under this item of my will by my Trustee, IN TRUST, for my granddaughter, Dorothy Brown, as in the judgment of my Trustee shall seem meet and proper, for the maintenance, education, comfort and support of my said granddaughter, until she attains the age of twenty-five (25) years; the unexpended income shall be added to and become part of the corpus of the trust estate herein created for her benefit.

(13) As and when my said granddaughter attains the age of twenty-five (25) years, I direct my Trustee to pay over the entire net income and revenue derived from her portion of the trust estate unto her, during her life.

(14) As and when my said granddaughter attains the age of thirty (30) years, I direct my Trustee to pay over, deliver and convey unto her one-eighth (1/8) of her portion of the trust estate then in its hands, free of trust.

(15) As and when my said granddaughter attains the age of thirty-five (35) years, I direct my Trustee to pay over, deliver and convey unto her one-eighth (1/8) of her portion of the trust estate then in its hands, free of trust."

When Dorothy was thirty years old in 1938 the trustee, under the provisions of paragraph 14, paid her one-eighth of the corpus of her estate as it then existed in its hands, which one-eighth amounted to $211,011.88.

When Dorothy reached the age of thirty-five in 1943 and was entitled to another distribution from the corpus of her estate under paragraph 15 she demanded of the trustee another one-eighth part of the corpus of her estate as originally constituted. The trustee however paid her one-eighth of the corpus of her estate as it then existed in its hands, or $172,126.41. Dorothy claims this amounted to but one-eighth of the remaining seven-eighths of her estate, or 7/64 of her original estate, instead of a full one-eighth, or a difference of roughly $49,000.

The only question for decision is how much Dorothy was entitled to receive at the age of thirty-five under the terms of paragraph 15.

The effect of Dorothy's argument is that under the preceding paragraph 14 her estate should have been divided into eight equal portions and one equal portion paid her under the terms of that paragraph, and five years later another one of the equal portions paid to her under paragraph 15.

To the contrary, the trustee argues that under the unambiguous terms of paragraph 14 its only duty was to pay Dorothy, ▮▮▮ upon reaching thirty, one-eighth of her estate *"then in its hands"*, and when

she reached thirty-five to pay her under paragraph 15 one-eighth of her estate *"then in its hands"*, which the trustee did.

It is established both by statute and decision that the courts of this state must determine and give effect to the true intent and meaning of the testator in construing his will.

Paragraphs 14 and 15 appear to us to be too plain and clear for any construction or refinement. Ambiguity may not be read into these simple directions of the testator to his trustee. They say only that when Dorothy is thirty pay her one-eighth of her portion of the estate then in your hands; and when she is thirty-five pay her one-eighth of her portion of the estate then in your hands. The trustee is not directed, as it is in paragraph 2 to first divide the trust estate into equal parts before making the distributions specified.

Thus, Dorothy's argument is not sound that the use of the terms "then in its hands" as employed in paragraph 15 should be construed as an invalid attempt to cut down a larger portion of the estate previously and definitely determined by paragraph 14. The amount to be paid under paragraph 15 is to be determined by the express terms of that paragraph independently of paragraph 14. The two paragraphs are not dependent on one another. The case of Sevier v. Woodson, 205 Mo. 202, 104 S. W. 1 announced the rule that where a definite estate is granted in plain language in one clause of a will, the same cannot be lessened or cut down by a subsequent clause of the will, unless the language used in such subsequent clause is as clear, plain and unequivocal as the language of the first grant. That rule has no application under the provisions of paragraphs 14 and 15.

The amount to be paid under paragraph 15 is to be determined as of the time of payment. It is one-eighth of Dorothy's portion of the trust estate as it existed on the date she became thirty-five years old. It is one-eighth of her estate then in the trustee's hands. Since we are concerned only with the question of how much Dorothy is to be paid under that paragraph, discussion of authorities as to when her estate vested would be irrelevant.

Diligent counsel have found a case construing a will containing a somewhat similar provision. Industrial Trust Co. v. Hall et al., 66 R. I. 201, 18 Atl. (2d) 629. There the will provided:

"And it is expressly provided that said trust estate and the net accumulations thereof shall be kept intact until said Georgia L. Hall's own estate is exhausted and shall continue during her life, provided, however, that when she attains the age of twenty-one years, my said trustee shall pay and turn over to her one-fourth of said trust estate then remaining in its hands free and discharged from said trust, and shall pay her another one-fourth of said trust estate then remaining when she attains the age of thirty years, free and discharged from

said trust. The other half of said estate shall remain and continue in trust as aforesaid during the life of said Georgia L. Hall.''

The Rhode Island Court, in discussing the question when the second one-fourth vested under the provision quoted, pointed out that the testatrix evidently intended a division of the estate in three parts, two one-fourth parts equal in amount and one one-half part. It said: ''This method of expression was used by the testatrix as a means of computation to fix definitely the two sums, equal in amount, that the trustee should pay over to Georgia in her own right if and when she reached twenty-one and thirty.''

While the above quoted provision is similar to the provisions we are considering, yet it contains those little differences of expression which distinguish it from what we have in the instant case and make the decision inapplicable. Examining the provision in that case we find a complete division of the estate provided for in a single paragraph of the will. The testatrix provided first for the payment of a one-fourth when the beneficiary reached twenty-one years; then for *"another"* one-fourth at thirty; the *"other"* half to remain in trust. Under the facts we think the decision in that case was sound. But it is not apposite in this case. In this connection we repeat what we said in Shelton v. Shelton, 348 Mo. 820, 155 S. W. (2d) 187: ''The language of one will is rarely, if ever, like another, and frequently a slight difference in the words used calls for different constructions of testamentary provisions similar in other respects. Even identical words properly receive diverse interpretations when used in contexts or under circumstances which are not the same. Therefore, decisions construing similar testamentary provisions are of small value as precedents and must be considered with caution.''

Accordingly, we reach the conclusion that the trustee in this case carried out the intention of the testator when it paid Dorethy one-eighth of her estate then in its hands under the terms of paragraph 15.

The judgment of the circuit court so holding is *affirmed.* All concur.