928

Herbert **BROWNELL, Jr.,** Attorney General of the United States, as Successor to the Alien Property Custodian, Plaintiff,

v.

The **HARTFORD – CONNECTICUT TRUST COMPANY,** as Trustee under the Will of Elise Von Baeckmann, Defendant.

Civ. No. 5549.

United States District Court
D. Connecticut.

May 26, 1956.

See, also, D.C. 147 F.Supp. 929.

Simon S. Cohen, U. S. Atty., Henry C. Stone, Asst. U. S. Atty., Hartford, Conn., for plaintiff.

Daniel C. Flynn, Hoppin, Carey & Powell, Hartford, Conn., for defendant.

J. JOSEPH SMITH, Chief Judge.

The Attorney General brings this action under Section 17 of the Trading with the Enemy Act, 50 U.S.C.A.Appendix, § 17, against defendant as Trustee under a will, seeking a judgment declaring that the trust under the will terminated on a certain date (the end of the war), and that plaintiff is entitled to the interests of all the remainder beneficiaries to the corpus and to all income accrued after termination of the trust.

The guardian ad litem of the minor, unborn and undetermined heirs at law and remaindermen seeks to intervene. Plaintiff opposes intervention on the ground that the action is solely to enforce plaintiff's right to possession under vesting orders, which claimants have no standing to attack, relying on Central Union Trust Co. v. Garvan, 254 U.S. 554, 41 S.Ct. 214, 65 L.Ed. 403; National Sav. & Trust Co. v. Brownell, 95 U.S. App.D.C. 370, 222 F.2d 395. Section 17, however, has now been construed to permit broader relief than mere enforcement of the vesting order. Markham v. Allen, 326 U.S. 490; Brownell v. Raubenheimer, D.C.S.D.N.Y., 112 F.Supp. 154, affirmed, 2 Cir., 216 F.2d 751. Plaintiff's prayers for relief show that he seeks such broader relief in this action. Since the relief sought in the case at bar is more than merely possessory, including construction of the will, intervention may well be permitted to those affected by the declaratory relief sought. Plaintiff contends, however, that the guardian ad litem here appears only for the remaindermen, whose interests have been vested in the plaintiff and that he does

not represent any claimant to an interest adverse to those whose interests have been vested. It is argued that he has not therefore, established any standing to intervene. That is true as to any interest which existed in the remaindermen prior to the end of the war, under the terms of the will which established the trust, for any such interest has been seized by the vesting order. If, however, no interest vested until the termination of the trust at the expiration of 21 years or the end of the war, there was nothing to seize, and those whom the guardian represents may have some claim which arose in peace time. Plaintiff asks a construction of the will. The intervenor should have a right to be heard since his beneficiaries will be directly affected by the declaratory relief sought. cf. Clark v. Edmunds, D.C.W. D.Va., 73 F.Supp. 390; Brownell v. Edmunds, D.C.W.D.Va., 110 F.Supp. 828, affirmed, 4 Cir., 209 F.2d 349.

The motion to intervene is granted. The answer of the guardian ad litem may be filed.

See, also, D.C., 147 F.Supp. 928.