**Larry McNEAL and Ethel McNeal, Respondents,**

**v.**

**Gerald BONNEL and Otho Bonnel, Appellants.**

**No. 52047.**

Supreme Court of Missouri, Division No. 2.

Feb. 13, 1967.

Motion for Rehearing or to Transfer to Court En Banc Denied March 13, 1967.

———————◆———————

Myrl B. Sternke, Palmyra, Rendlen & Rendlen, Hannibal, for appellants.

Dan Bollow, Bollow, Crist & Bollow, Shelbina, for respondents.

LAURANCE M. HYDE, Special Commissioner.

Action to determine title to real estate. On motion for summary judgment, the court adjudged plaintiffs to be the fee simple owners of the land involved and defendants have appealed.

On May 8, 1952, the land involved and other land was owned by John William Thomas, who made a will on that date containing the following provisions:

"Second: I have but one child, John William Thomas, Jr., my son who is now living in the home with me. But being desirous of preserving for him what little estate I have accumulated and preventing from squandering the same before he arrives at an age of discretion, I hereby grant, give, devise and bequeath all of my property, both real and personal, to him in trust under the terms and conditions hereinafter provided.

"Third: I nominate and appoint one Clinton Turner as Trustee. I desire that the Trustee shall have a full, absolute and complete discretion with reference to my property. He shall have the right to sell and dispose of the same under orders of Court, or to invest or reinvest the same or the proceeds from the sale of the same in such property of such kind and character as he deems advisable. The income from my property he shall pay annually to my said son. However, if in the discretion of my said Trustee the circumstances of my son require it, he shall have the right at any time to use all or any part of the corpus of this Trust for the support, maintenance and care of my said son, this being left solely and completely to his discretion and judgment.

"This Trust shall remain alive and in force until my said son shall attain his 30th birthday, and at that time the Trustee shall make final settlement and pay over to and deliver to my said son the corpus of this Trust. If my son shall have attained his 30th birthday prior to my death then this entire Trust shall be void and all of my property shall be delivered to him by my Executor.

"Fourth: In the event my son shall predecease me or shall die before he attains his 30th birthday and the corpus of the Trust is delivered to him, then I give, grant, devise and bequeath my estate, or whatever is left thereof, unto the bodily heirs of my said son. But if he have no bodily heirs then unto Zollie Junior Thomas, my nephew, now in the State of Michigan."

The testator died in 1956, administration costs and debts exhausted all his personal property and required sale of 60 acres of the 100 acres of land he owned. The Probate Court, ignoring the trust provisions of the will, made an order of distribution, on June 3, 1957, under Sec. 473.617 (statutory references are to RSMo and V.A.M.S.) stating as to the 40 acres herein involved that "the title thereto be * * * assigned, transferred and distributed to * * * John William Thomas, Jr." Thereafter, on August 5, 1957, John William Thomas, Jr. (hereinafter called Thomas, Jr.) conveyed the 40 acres to Richard V. and Goldie P. Broyles by general warranty deed, who on March 1, 1960, conveyed the land by general warranty deed to plaintiffs. Thomas, Jr., was not 30 years of age on August 5, 1957, when he conveyed to plaintiffs' grantors; and after he attained the age of 30 years, he made a general warranty deed on May 2, 1961, to convey the land to defendants. All three deeds were recorded within one

day after being executed. It was admitted "that Gerald Bonnel had actual knowledge of the claim of plaintiffs to the real property which is the subject matter of this action before May 2, 1961."

Defendants contend the decree of distribution of the Probate Court was void because in conflict with the will of the testator, citing Hughes v. Neely, Mo.Sup., 332 S.W.2d 1, 11, as to the effect of a void judgment. We agree with this contention and hold that the decree of distribution contrary to such plain provisions of the will is void, since it is admitted that Thomas, Jr., was not 30 years of age at the time this decree was entered. We will decide this case without giving this decree any effect whatever. Moreover, although no trustee ever took charge of the land, the decision in this case must be the same as if he had done so but did not exercise his power to sell the land.

Plaintiffs, however, rely on Section 442.430, which provides: "Where a grantor, by the terms of his deed, undertakes to convey to the grantee an indefeasible estate in fee simple absolute, and shall not, at the time of such conveyance, have the legal title to the estate sought to be conveyed but shall afterward acquire it, the legal estate subsequently acquired by him shall immediately pass to the grantee; and such conveyance shall be as effective as though such legal estate had been in the grantor at the time of the conveyance." Plaintiffs also rely on Section 442.020 which authorizes conveyance by deed "of any estate or interest" in land. Plaintiffs say Thomas, Jr., at the time of the deed to them, had a contingent remainder (attaining the age of 30 years would give him the fee simple title if never sold by the trustee) and that such a contingent remainder is alienable under this statute, citing Grimes v. Rush, 355 Mo. 573, 197 S.W.2d 310. In that case we held even quit claim deeds transferred the right of those designated as heirs of the body of a life tenant and that "upon their surviving the life tenant

as the sole 'heirs of her body' said deeds effected the transfer of the fee simple title to said land to their grantee." See note on this case 12 Mo.Law Rev. 218 with reference to Hudson, Transfer and Partition of Remainders in Missouri, University of Missouri Bulletin 14 Law Series 3, 14. We agree with Professor Hudson's conclusion, namely: "It can no longer be doubted that a contingent remainder is an 'interest' in land within the meaning of the Missouri statute." As to equitable interests the American Law Institute Restatement of Trusts 2d, Sec. 132, states that "the beneficiary of a trust has power to transfer his interest"; and this is limited only by lack of capacity, Sec. 133, or by trust provisions preventing alienation, Secs. 149–162; II Scott on Trusts 2d Ed., 982–987, Secs. 132, 132.1. Professor Scott (page 986) says: "The beneficiary of a trust can transfer his interest whether it is a vested or contingent interest * * *. Where a trust has been created * * * a beneficiary has a property interest even though his interest is contingent. Whether his interest can be reached by his creditors involves a question of policy * * *. The beneficiary, at any rate, has an interest which he can assign." Likewise Bogert Trusts and Trustees 2nd Ed., Sec. 188, states: "The general rule of assignability is applicable to contingent as well as vested equitable interests."

Defendants claim that any deed made by Thomas, Jr., before he attained the age of 30 years was void and could never convey title, after acquired or otherwise, citing Bixby v. St. Louis Union Trust Co., 323 Mo. 1014, 22 S.W.2d 813 (for criticism of this case see Spendthrift Trusts 2d Ed., Griswold, Sec. 374); Humphreys v. Welling, 341 Mo. 1198, 111 S.W.2d 123, holding ineffective a deed by a trust beneficiary of land devised in trust for him until he reached the age of 30 but who died before he was 30; Kessner v. Phillips, 189 Mo. 515, 88 S.W. 66, in which it was held there was no trust created; Gentemann v. Dyer, Mo.App., 140 S.W.2d 75, in which

all power of alienation was expressly denied the settlor's son and was reserved to the trustee alone, giving no estate in the land to the son but only right of occupancy. Defendants' argument for this claim is that testator's will created a spendthrift trust and they say any conveyance made during the period of this trust is void. As hereinafter stated we cannot agree that a spendthrift trust was created and consider the proper rule to be: "In the absence of an express or statutory restraint on alienation, the interest of the beneficiary of a trust is subject to alienation by the beneficiary's voluntary act." Spendthrift Trusts, Griswold 2d Ed., Sec. 10; Restatement of Trusts 2d, Sections 132–133; Scott on Trusts, Sections 132–133. It appears that the only Missouri statutory provision concerning spendthrift trusts is Sec. 456.080 making them subject to claims of a wife or children for alimony, support and maintenance.

A true spendthrift trust would "provide in express terms that the interest of the beneficiary shall be inalienable by him, and that his creditors cannot reach it in satisfaction of their claims." Spendthrift Trusts, Griswold, Sections 1, 8; II Scott on Trusts 2d Ed., 1038–1046, Sections 151, 152; Restatement of Trusts 2d, Sections 152–153. There is no such provision in this trust so we consider it to be in the nature of a discretionary trust; that is one in which the trustee has discretion in the distribution of income or corpus or in the use of the corpus. See Spendthrift Trusts 2d Ed., Griswold, Sections 17, 28, 422–428; Restatement of Trusts 2d, Section 155, Comments (1) b and c. In England spendthrift trusts are unlawful but discretionary trusts are permitted and frequently used. II Scott on Trusts 2d Ed., 1085, Sec. 155; Bogert Trusts and Trustees 2d Ed., Sec. 221. In this case the trustee was given no discretion as to payment of the income from the property. The will provided: "The income from my property he shall pay annually to my said son." The trustee's discretion was "to

sell and dispose of" any trust property with court approval "to invest or reinvest the same" and "to use all or any part of the corpus * * * for the support, maintenance and care of" the testator's son, if the circumstances of his son required it. A trust in which the trustee was given similar powers to sell, reinvest and expend corpus for the benefit of the beneficiary was held not to be a spendthrift trust in Kingman v. Winchell, Mo.Sup., 20 S.W. 296.

Our view is that the better authorities show that a spendthrift trust of either income or principal is one in which by the terms of the trust "a valid restraint on the voluntary and involuntary transfer of the beneficiary is imposed." Restatement of Trusts 2d, Secs. 152, 153. However, as stated in comment c, Sec. 152: "No particular form of words is necessary for the creation of a spendthrift trust * * * if by the terms of the trust the settlor manifests an intention to create such a trust." See Illustrations 1, 2, 3 and 4, comment c, Sec. 152. Our conclusion is that the trust in this case is not a spendthrift trust because it contains no provision that can reasonably be construed as a restraint on transfer of either income or principal of the trust by Thomas, Jr., although any transfer of the land which constituted the corpus was subject to the trustees' power to sell. All of the income was required to be paid to him annually without any qualification. The corpus (the land) was to go to him absolutely when he reached the age of 30 years, if not sold by the trustee. See First National Bank of Bolivar v. Burns, Mo.App., 199 S.W. 282; Kessner v. Phillips, 189 Mo. 515, 88 S.W. 66.

Since the trustee did have discretion to use the corpus for the support of Thomas, Jr., as well as to sell and reinvest it, we consider this to be a discretionary trust, Restatement of Trusts 2d, Sec. 155, rather than a trust for support, Sec. 154 (the income not being limited to

support); but in either of these classes of trusts the reason a transferee or creditor cannot get the interest of the beneficiary is the nature of the beneficiary's interest rather than any prohibition of alienation. That is a transferee or creditor cannot compel the trustee to pay anything to him when the beneficiary could not compel payment to himself. However, as stated in Restatement of Trusts 2d, comment g, Sec. 154: "If by the terms of a trust it is provided that the trustee shall during a designated period pay or apply only so much of the income and principal or either as is necessary for the education or support of the beneficiary but it is also provided that any income and principal or either not so paid or applied shall ultimately be paid to the beneficiary or to those deriving title through him, the beneficiary can transfer and his creditors can reach so much of the income and principal as is not necessary for the education or support of the beneficiary." Cases supporting this view are cited in the Appendix to Restatement of Trusts 2d, p. 232.

■ We hold (1) the trust created by the will was a discretionary trust (discretionary as to use of corpus but not income); (2) Thomas, Jr., had a contingent interest in the land involved to become vested with the fee when he attained the age of 30 years, if not sold by the trustee for his support; (3) there was no provision in the will to prevent alienation by Thomas, Jr; (4) plaintiffs have title in fee under the warranty deed of Thomas, Jr., because the land was never sold by a trustee and Thomas, Jr., has attained the age of 30 years.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by HYDE, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.